322 So.2d 612 (1975)
William E. WALKER, O.D., Petitioner,
v.
FLORIDA STATE BOARD OF OPTOMETRY, Respondent.
No. 75-195.
District Court of Appeal of Florida, Third District.
December 3, 1975.
Robert M. Brake, Coral Gables, for petitioner.
Frederick B. Karl, Tallahassee, for respondent.
Before PEARSON, HENDRY and NATHAN, JJ.
*613 PEARSON, Judge.
William E. Walker, an optometrist, brings this petition to review a decision of the Florida State Board of Optometry which found him guilty upon two counts of a complaint alleging violations of § 463.11 (2)(a), Fla. Stat.[1] and the rules of the Board and suspended him from the practice of optometry for one year, placed him on probation for five years and fined him the sum of $500.00. The two rules which Walker was found to have violated are 21q-1.290 and 21q-1.291.[2] The evidence before the Board viewed in the light most favorable to its decision was that Walker maintained an office adjacent to that of an optician and that after having purchased the optician's business, he did not, for a period of nearly two months, have an advertisement removed from the yellow pages of the telephone directory giving the name of the former optician's office and that he did not secure the removal of the name of the optical business from two office directories posted at the building. The evidence shows affirmatively that the advertisement in the yellow pages could not have been withdrawn inasmuch as the period for the issuance of the telephone directories had not yet expired but that the listed telephone was disconnected and no reference number given. In addition, the evidence affirmatively shows that Walker had requested the building manager to remove the name of the purchased business from the office directory signs and further that Walker himself had physically removed the name of the purchased business from the door of the office.
Inasmuch as the gravamen of the offense charged was the securing of an advantage of the association by way of advertising, or other such business methods, with an optician and inasmuch as the offense charged was not simply that of being adjacent to an optician, we hold that the evidence in this case does not meet the requirement that the evidence must be clear and convincing in order to deprive a professional man of his means of livelihood. See The Florida Bar v. Rayman, Fla. 1970, 238 So.2d 594; see also Zachary v. State, 1907, 53 Fla. 94, 43 So. 925, and State ex rel. The Florida Bar v. Bass, Fla. 1958, 106 So.2d 77.
For the reasons stated, the petition for certiorari is granted and the order of the Florida State Board of Optometry finding petitioner guilty is quashed.
It is so ordered.
NOTES
[1] Section 463.11(2)(a), Florida Statutes, provides:

"(2) `Unprofessional conduct' for the purposes of this chapter is defined as any act or conduct that deceives or defrauds the public or any individual and includes, but is not limited to:
"(a) The solicitation of practice by any means or in any manner;" (Emphasis added)
[2] Rule 21q-1.290 dealing with "unprofessional conduct" states that "an optometrist shall be guilty of unprofessional conduct if he or she authorizes contracts for displays or contracts for any advertising in violation of the law or these rules." Rule 21q-1.291 expands the definition of "unprofessional conduct."