BARKDULL, Judge.
Kenneth Kasha, who was respondent in proceedings brought pursuant to Florida’s “little FTC Act”, complains that the Department of Legal Affairs erred in reversing a “no probable cause” finding by a hearing examiner.
As required by Section 501.207, Florida Statutes (1977), the Agency conducted a hearing to determine whether there was probable cause to institute a civil proceeding against Kasha for allegedly fraudulent real estate practices. The hearing examiner found that at such a hearing it would be improper to permit the introduction of hearsay statements or certain official records,[1] and that the burden of proof was a preponderance of the evidence. The type of “evidence” that is to be considered is outlined in Chapter 120 [see: Section 120.68, Florida Statutes (1977)]. Upon a review of the report of the hearing examiner, the Attorney General (as the head of the Department of Legal Affairs) found that the examiner departed from the essential requirements of law and, pursuant to the authority of Section 120.57(l)(b)(9), Florida Statutes (1977), reversed the finding of the hearing examiner and determined that there was probable cause to institute a civil proceeding. We affirm.
First, the evidence before the hearing examiner on a probable cause hearing in this administrative proceeding is not required to be of the same degree as that necessary in either a criminal or a civil proceeding. See: State v. Wolff, 310 So.2d 729 (Fla.1975); Sheff v. State, 301 So.2d 13 (Fla. 1st DCA 1974). It is sufficient if “reasonably prudent persons in the conduct of their affairs” would think a violation had taken place. See: Section 120.58, Florida Statutes (1977). The two official orders of regulatory business of the State of Florida, which were entitled to be admitted into evidence [Corbett v. Berg, 152 So.2d 196 (Fla. 3d DCA 1963); Sections 92.12, 120.59, Florida Statutes (1977)] were, in and of themselves, adequate proof of probable cause for the institution of a civil suit. Second, the hearsay affidavits which were tendered to corroborate and supplement the official orders should have been admitted. Pasco County School Board v. Florida Public Relations Commission, 353 So.2d 108 (Fla. 1st DCA 1978); Section 120.58(l)(a), Florida Statutes (1977).
Therefore, the order under review is affirmed.

. The hearing examiner did let into evidence a final order of the Florida Real Estate Commission revoking the respondent’s real estate license, but denied admission of the final order of the Division of Land Sales and Condominiums requiring the respondent to cease and desist certain real estate practices.