487 So.2d 1163 (1986)
Thomas B. FERRIS, Appellant,
v.
James K. AUSTIN, Superintendent of Schools, and the School Board of Hernando County, Florida, Appellees.
No. 85-816.
District Court of Appeal of Florida, Fifth District.
April 24, 1986.
Perry Gall Gruman of Chamblee & Miles, Tampa, for appellant.
Joseph E. Johnston, Jr., of Johnston & Sasser, P.A., Brooksville, for appellees.
COBB, Chief Judge.
The appellant, Thomas B. Ferris, respondent below, timely appeals an order by the School Board of Hernando County (School Board), petitioner below, discharging him from his position as a teacher based on charges that he sexually abused a male student.
This case was commenced in 1984 when the Hernando County School Board filed a Notice and Charges Statement informing Ferris that he was suspended without pay and would be dismissed as a teacher based upon immorality charges. This was immediately followed by an administrative complaint from the Department of Education informing Ferris that it was seeking disciplinary sanction against Ferris' teaching certificate, based upon the same charges. These cases were consolidated by stipulation, and heard jointly by an administrative hearing officer. At the conclusion of that hearing, an order was filed which recommended that Ferris be reinstated.
The recommended order made findings of fact in paragraphs one through thirteen which recited the satisfactory record of Ferris as a teacher; the development of his *1164 friendly relationship with a minor male student over a period of some four years; the student's involvement with the Ferris family; the facts surrounding the two alleged incidents of sexual misconduct between Ferris and the student, one in August and one in October, 1983; and the unequivocal finding that Ferris "had no sexual contact with the minor during either August or October, 1983, or at any other time." In paragraphs fourteen and fifteen, the order recited the testimony of the minor in support of the allegations of misconduct, but did not accept said testimony as factually true. Indeed, several "undisputed facts" which circumstantially supported Ferris' claim of innocence and refuted the minor's testimony were set forth in paragraphs nine through twelve. Paragraphs sixteen and seventeen, which completed the hearing officer's factual findings, read:
16. In order to make the findings of fact set forth in paragraphs 1-13 above, it is not essential that this testimony of the minor be rejected as false. There simply is not sufficient evidence in this record to corroborate the minor's testimony. There is no evidence of any previous sexual misconduct on the part of the Respondent in the twelve years he has been teaching physical education. There is no evidence of any sexual misconduct with the subject minor throughout their years of close relationship, except the two incidents described, even though better opportunities for such misconduct existed frequently. Even on the night of the concert in Lakeland, there were opportunities to abuse the minor in a parking lot or along the road during the trip, instead of in the Respondent's house only a wall away from the eyes and ears of his lightly sleeping wife. The guidance counselor at Spring Hill Elementary School who receives complaints of sexual molestation received none concerning the Respondent. Neither the principal of Spring Hill Elementary School nor the assistant superintendent of the Hernando County School Board received any such complaints concerning the Respondent. The evidence discloses that the Respondent has a reputation for being a law abiding citizen in both his local community and his teaching community. In summary, the evidence, apart from the allegations in this case, is that the Respondent has never made any sexual contact with any minor.
17. Based upon the allegations of sexual misconduct made against him, the Respondent was arrested on December 22, 1983, and charged by information with the offense of sexual battery. On the advice of his attorney, the Respondent entered a plea of no contest, and on April 18, 1983, the Circuit Court entered its order withholding adjudication, placing the Respondent on probation for three years, and assessing court costs of $515.00 against him. Following the Respondent's arrest, various newspaper articles were published reporting the allegations, his prosecution, and his suspension from the teaching position he held. As a result the local teaching community as well as the student body became aware of the Respondent's situation. Nevertheless, the principal of Spring Hill Elementary School and the assistant superintendent of the Hernando County School Board testified that if the charges against the Respondent were proven to be true, then his effectiveness as a teacher would be seriously impaired, and the principal would not want the Respondent to return to school as a teacher if the allegations were proven to be true. Based upon the failure of the weight of the evidence to support a factual finding that these allegations are true, this testimony is not relevant. Moreover, there is no evidence in this record to support a finding that the Respondent would not be effective as a physical education teacher under the factual situation that is found above, based on the weight of the credible evidence.
The hearing officer's findings of fact were followed by his conclusions of law. In paragraphs eleven and twelve of those conclusions of law, the hearing officer stated:

*1165 11. Until the court decision in Bowling v. Department of Insurance, 394 So.2d 165 (Fla. 1st DCA 1981), charges to support the revocation of a license had to be proven by clear and convincing evidence. Walker v. Florida State Board of Optometry, 322 So.2d 612 (Fla. 3d DCA 1975). In a proceeding brought to suspend or revoke a real estate license on charges of dishonest conduct, it was determined that the dishonesty must be proven by clear and convincing evidence. Reid v. Florida Real Estate Commission, 188 So.2d 846 (Fla. 2nd DCA 1966). There is confusion since the Bowling decision, in that it is not clear whether the clear and convincing standard was adopted, or whether some higher or lesser standard was intended. Nevertheless, Bowling does state that, "in a proceeding under a penal statute for suspension or revocation of a valuable business or professional license, the term competent substantial evidence takes on vigorous implications that are not so clearly present on other occasions for agency action under Chapter 120. When the proceeding may result in the loss of a valuable business or professional license, the critical matters in issue must be shown by evidence which is indubitably as `substantial' as the consequences." Bowling, supra, at 172.
12. The evidence presented against the Respondent falls short of the clear and convincing standard, and short also of the standard of Bowling, supra, in that the quantity and quality of the competent evidence lacks the substantiability of the consequences. Thus, the Respondent is not guilty of the charges in the Administrative Complaint, and is not guilty of the charges in the School Board's notice. He should be reinstated with pay.
Based on his findings of fact and conclusions of law, the hearing officer recommended that the Board of Education's administrative complaint and the School Board's charges be dismissed. Upon receipt of this order, the School Board entered its own order adverse to Ferris, rejecting the findings and conclusions of the hearing officer. The School Board's order stated that, based upon a complete review of the entire record, there were "obvious material errors in conclusions of law and error in application of legal principles by the hearing officer," as well as significant omissions and inconsistencies in his recommended order. It found that the hearing officer's findings and conclusions failed to meet the standard of "substantial competent evidence." The order entered by the School Board provided, in pertinent part:
FINDINGS OF FACT
1. The findings of fact of the hearing officer contained in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 10, 14 and 15 are accepted.
2. The facts of the hearing officer contained in paragraphs 9, 11, 12, 16 and 17 are conditionally accepted, subject to the additional findings of fact herein made by the Board and the conclusions of law set forth herein, resolving such conflicts.
3. The hearing officer's findings of fact contains contradictory findings in paragraphs 9, 11, 12 and 13 versus paragraphs 14 and 15 which can only be resolved by a complete reading of the transcript of the record. The hearing officer failed to fully determine which witnesses and evidence was the more credible.
The School Board then found that the testimony of the minor was credible and corroborated by various circumstances, and that Ferris' negotiated nolo contendere plea to criminal charges arising from the minor's allegations was a significant factor given insufficient weight by the hearing officer. The Board concluded:
CONCLUSIONS OF LAW
1. The Board accepts the hearing officer's conclusions of law set forth in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 except finds that 2 through 9 are not applicable to its case.

*1166 2. The Board rejects the hearing officer's conclusions of law in paragraph 11 and holds that the standard of evidence required for a dismissal of a teacher is not by "clear and convincing evidence", but is by a preponderance of evidence. Venetian Shores Homes and Property Owners v. Ruzahawski, 336 So.2d 399; Kasha v. Department of Legal Affairs, 375 So.2d 43; Brevard County Sheriff's Department v. Community on Human Relations, 429 So.2d 1235.
3. The Board rejects the hearing officer's conclusions of law in paragraph 12, because it misconceives the standard of evidence required in this cause.
4. The Board rejects the Hearing Officer's erroneous conclusion of law in paragraph 16 that in essence holds corroboration is necessary to sustain the minor's testimony and further rejects the apparent credence given to negative testimony and conclusions drawn without any evidence being offered thereto.
5. The School Board has met its burden of proof as required by law and does hereby resolve the conflicts noted in the hearing officer's order of June 30, 1985 after a full review of the record of the proceedings.
The School Board thereupon found that Ferris was guilty of immorality and ordered him permanently dismissed as a teacher in the school system of Hernando County, Florida. It is from this order that Ferris appeals.
The issue on this appeal is whether the School Board erred in rejecting the recommendations of the hearing officer. That question turns on section 120.57(1)(b)(9), Florida Statutes (1983), which provides:
The agency may adopt the recommended order [of the hearing officer] as the final order of the agency. The agency in its final order may reject or modify the conclusions of law and interpretation of administrative rules in the recommended order, but may not reject or modify the findings of fact unless the agency first determines from a review of the complete record, and states with particularity in the order, that the findings of fact were not based upon competent substantial evidence or that the proceedings on which the findings were based did not comply with essential requirements of law. The agency may accept or reduce the recommended penalty in a recommended order, but may not increase it without a review of the complete record. In the event a court reverses the order of an agency, the court in its discretion may award attorney's fees and costs to the aggrieved prevailing party.
Based upon the foregoing statute and the appellate record before us, we conclude that the School Board erred in its determination that paragraphs 9, 11, 12 and 13 of the hearing officer's findings of fact were contradicted by paragraphs 14 and 15. Clearly, this is not true. The School Board apparently failed to perceive that the latter two paragraphs of the hearing officer's findings merely recite the testimony of the minor, but do not accord it credit. The earlier paragraphs, however, are factual findings based upon the evidence. Moreover, we do not read the hearing officer's recommended order as rejecting the minor's testimony solely because it was not corroborated, as indicated by the School Board's order. Rather, the hearing officer found insufficient evidence to support the minor's testimony, as opposed to the persuasive effect of the testimony presented on behalf of Ferris. The hearing officer made a clear factual determination that Ferris "never made any sexual contact with any minor," and that there was a "failure of the weight of the evidence to support a factual finding that [the minor's] allegations are true." Although the School Board was impressed with the fact that Ferris had entered a negotiated nolo contendere plea to criminal charges arising from the accusations, the hearing officer apparently found this factor outweighed by the competing evidence.
The School Board rejected the hearing officer's conclusions of law in paragraphs 11 and 12 of the recommended order in regard to the standard of evidence required *1167 for dismissal of a teacher. But the School Board apparently overlooked the fact that the hearing before the hearing officer was a consolidated one involving license revocation as well as dismissal. The recitations of paragraphs 11 and 12 relate to the standard of evidence for license revocation  i.e., to the administrative complaint filed by the Board of Education  which was not relevant to the School Board's action for dismissal. Nowhere did the hearing officer conclude that the standard of evidence for dismissal of a teacher was anything other than that of preponderance of the evidence. It is apparent from reading the recommended order that the hearing officer concluded that the evidence, pursuant to any standard, supported Ferris and not the School Board.
The law in Florida is well established that an agency may not reject or modify the findings of fact of the hearing officer unless the agency first determines from a review of the complete record, and states with particularity in the order, that the findings of fact were not based upon competent, substantial evidence. Forehand v. School Board of Washington County, 481 So.2d 953 (Fla. 1st DCA 1986). In the instant case, the School Board's reasons for rejecting the hearing officer's recommended order, insofar as they are stated with particularity, are inaccurate and unsupported by the record. The agency may not reject the hearing officer's findings unless there is no competent, substantial evidence from which the finding could reasonably be inferred. Heifetz v. Dept. of Business Regulation, 475 So.2d 1277 (Fla. 1st DCA 1985). In this case, there was competent and substantial evidence to support the findings contained in the recommended order, and the agency was not authorized to reject or modify those findings.
REVERSED and REMANDED for entry of an order consistent with that recommended by the hearing officer.
ORFINGER and SHARP, JJ., concur.