BARFIELD, Judge.
The Commissioner of Education appeals a final order of the Education Practices Commission dismissing an administrative complaint against Thomas Ferris, an elementary school teacher charged with the sexual battery of a fifteen year old boy. We reverse.
Appellee pled nolo contendere to the sexual battery charge and was placed on probation for three years with adjudication of guilt withheld. An administrative complaint was then filed by the Commissioner of Education, alleging sexual misconduct. The Hernando County School Board notified Ferris that he would be dismissed as a teacher based on immorality charges. The cases were consolidated by stipulation and heard jointly by a hearing officer who found that the record did not support the allegations of the administrative complaint and that the charges should be dismissed.
The Hernando County School Board rejected the recommended order, finding that the hearing officer incorrectly applied a clear and convincing evidence standard and erroneously concluded that corroboration was necessary to sustain the minor’s testimony. The school board’s order permanently dismissing Ferris as a teacher was reversed in Ferris v. Austin, 487 So.2d 1163 (Fla. 5th DCA 1986).
In the order from which this appeal is taken, the Education Practices Commission adopted the hearing officer’s recommended order. The Commissioner of Education asserts that the hearing officer’s findings were not supported by competent substantial evidence and that the hearing officer applied an incorrect standard of proof.
The evidence before the hearing officer consisted of conflicting testimony by appel-lee and the alleged victim regarding two incidents which occurred in the summer and fall of 1983 in appellee’s home. The hearing officer did not explicitly reject the minor’s testimony, but found that there was insufficient evidence in the record to corroborate his testimony. The hearing officer concluded that charges to support the revocation of a license had to be proven by either clear and convincing evidence or by evidence as substantial as the consequences, relying upon Bowling v. Department of Insurance, 394 So.2d 165 (Fla. 1st DCA 1981).
Although the record contains competent substantial evidence which would support either a finding that appellee committed the sexual battery or a finding that he did not, the hearing officer’s recommendation is based upon incorrect interpretation of the law in two respects: that a minor victim’s testimony must be corroborated in order to find that a teacher engaged in sexual misconduct, and that the standard of proof, under the circumstances of this case, is greater than a preponderance of the evidence.
The cause is REVERSED and REMANDED to the Education Practices Commission for remand to the hearing officer in order that a redetermination may be made based upon the proper legal considerations.
SHIVERS and ZEHMER, JJ., concur.