510 So.2d 292 (1987)
Thomas B. FERRIS, Petitioner,
v.
Ralph D. TURLINGTON, As the Commissioner of Education, Respondent.
No. 69561.
Supreme Court of Florida.
July 16, 1987.
*293 John J. Chamblee, Jr. and Susan E. Hicks of Chamblee & Miles, Tampa, for petitioner.
Sydney H. McKenzie III, General Counsel, and Cecilia Bradley, Counsel, State Bd. of Educ., Tallahassee, for respondent.
Pamela L. Cooper of Meyer, Brooks and Cooper, P.A., Tallahassee, for Florida Teaching Profession-Nat. Educ. Ass'n, amicus curiae.
Thomas W. Young III, General Counsel, FEA/United, Tallahassee, for Florida Educ. Ass'n/United, AFT, AFL-CIO, amicus curiae.
Robert A. Butterworth, Atty. Gen. and Susan Tully Proctor, Asst. Atty. Gen., Tallahassee, for Educ. Practices Com'n, amicus curiae.
BARKETT, Justice.
We have jurisdiction under article V, section 3(b)(3) of the Florida Constitution, because of express and direct conflict between Turlington v. Ferris, 496 So.2d 177 (Fla. 1st DCA 1986), and Ferris v. Austin, 487 So.2d 1163 (Fla. 5th DCA 1986).
Thomas Ferris was an elementary schoolteacher in Hernando County. In 1983, the school board filed a complaint against Ferris, seeking his dismissal on charges of immorality based upon allegations of sexual misconduct with a fifteen-year-old male student. (Ferris had pleaded nolo contendere to sexual battery and had been placed on probation for three years with adjudication of guilt withheld.) Thereafter, the Commissioner of Education, Ralph Turlington, filed an administrative complaint seeking revocation of Ferris' teaching certificate.
The two cases were consolidated by stipulation and heard jointly by an administrative hearing officer. As a threshold finding applicable to both proceedings, the hearing officer concluded that Ferris had no sexual contact with the student as alleged. The hearing officer recommended that both the school board's charges and the administrative complaint be dismissed.
The school board rejected the recommended order and dismissed Ferris, finding that the hearing officer incorrectly applied a clear and convincing standard of proof to the evidence and erroneously concluded that corroboration was necessary to sustain the minor's testimony. The school board's order permanently dismissing Ferris was appealed by Ferris, however, and reversed by the Fifth District in Ferris v. Austin. The Fifth District, quoting extensively from the hearing officer's recommended *294 order, determined that "[t]he hearing officer made a clear factual determination that Ferris `never made any sexual contact with any minor,' and that there was a `failure of the weight of the evidence to support a factual finding that [the minor's] allegations are true.'" Id. at 1166. The court then concluded that a reading of the recommended order made it apparent that pursuant to "any standard" the evidence supported Ferris, and thus the school board erred in rejecting the recommended order. Id. at 1167.
Conversely, the Education Practices Commission (EPC) adopted the hearing officer's order and dismissed the administrative complaint against Ferris. This order was appealed by the Commissioner of Education to the First District, which in essence agreed with the Hernando County School Board. The First District found that the hearing officer had erred by requiring corroboration of the minor's testimony and by erroneously applying a clear and convincing standard of proof to the evidence.
After reviewing the record, we agree with the Fifth District's analysis of the hearing officer's recommended order in this case. Read in its entirety, it is clear that the hearing officer concluded that under any standard of proof the evidence presented failed to support the allegations of misconduct. The hearing officer unequivocally found that the alleged sexual incident did not occur and took great pains to delineate why he so concluded. The EPC correctly adopted the hearing officer's order and should have been affirmed.
Although we have found that the hearing officer's order is supported under the lesser standard of preponderance of the evidence, we take this opportunity to clarify the issue of the appropriate standard of proof to be applied in the circumstances presented here. As the hearing officer correctly noted:
"Until the court decision in Bowling v. Department of Insurance, 394 So.2d 165 (Fla. 1st DCA 1981), charges to support the revocation of a license had to be proven by clear and convincing evidence. Walker v. Florida State Board of Optometry, 322 So.2d 612 (Fla. 3d DCA 1975). In a proceeding brought to suspend or revoke a real estate license on charges of dishonest conduct, it was determined that the dishonesty must be proven by clear and convincing evidence. Reid v. Florida Real Estate Commission, 188 So.2d 846 (Fla. 2nd DCA 1966). There is confusion since the Bowling decision, in that it is not clear whether the clear and convincing standard was adopted, or whether some higher or lesser standard was intended. Nevertheless, Bowling does state that, `in a proceeding under a penal statute for suspension or revocation of a valuable business or professional license, the term competent substantial evidence takes on vigorous implications that are not so clearly present on other occasions for agency action under Chapter 120. When the proceeding may result in the loss of a valuable business or professional license, the critical matters in issue must be shown by evidence which is indubitably as "substantial" as the consequences.' Bowling, supra, at 172."
As quoted in Ferris v. Austin, 487 So.2d at 1165.
We agree with the court in Bowling v. Department of Insurance, 394 So.2d 165 (Fla.1st DCA 1981), that the revocation of a professional license is of sufficient gravity and magnitude to warrant a standard of proof greater than a mere preponderance of the evidence. We cannot subscribe, however, to the nebulous sliding scale standard of evidence as "substantial as the consequences" to be suffered. The correct standard for the revocation of a professional license such as that of a lawyer,[1] real estate broker, or, as in this instance, a teacher, is that the evidence must be clear and convincing.[2] We agree with the district *295 court in Reid v. Florida Real Estate Commission, 188 So.2d 846, 851 (Fla. 2d DCA 1966), that:
The power to revoke a license should be exercised with no less careful circumspection than the original granting of it. And the penal sanctions should be directed only toward those who by their conduct have forfeited their right to the privilege, and then only upon clear and convincing proof of substantial causes justifying the forfeiture.
In a case where the proceedings implicate the loss of livelihood, an elevated standard is necessary to protect the rights and interests of the accused.
Accordingly, we quash the decision of the First District Court of Appeal and remand with directions that the EPC's order dismissing the complaint filed by the Commissioner of Education be reinstated.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, GRIMES and KOGAN, JJ., concur.
NOTES
[1] Florida Bar v. Rayman, 238 So.2d 594 (Fla. 1970).
[2] We do not reach the question of the appropriate standard of proof for termination of employment as in Ferris v. Austin, 487 So.2d 1163 (Fla. 5th DCA 1986), because it is not before us.