556 So.2d 1204 (1990)
Patricia FREEZE, Appellant,
v.
DEPARTMENT OF BUSINESS REGULATION, DIVISION OF ALCOHOLIC BEVERAGES AND TOBACCO, et al., Appellees.
No. 88-1931.
District Court of Appeal of Florida, Fifth District.
February 15, 1990.
*1205 John Coniglio, Wildwood, for appellant.
Harry Hooper, Deputy General Counsel, Dept. of Business Regulation, Tallahassee, for appellees.
W. SHARP, Judge.
Appellant ("Freeze"), d/b/a Corral Bar, appeals from a final order of the Department of Business Regulation, Division of Alcoholic Beverages and Tobacco (the "Department") which revoked a beverage license of which she was a co-owner. She managed the Corral Bar during the relevant time periods in which violations occurred on the licensed premises. This order was contrary to some of the findings of fact and conclusions of law of the administrative hearing officer. However, findings of the hearing officer which were accepted by the Department support some punitive action in this case. We strike some findings and conclusions of the Department, and remand for reconsideration of sanctions imposed in this case.
On October 17, 1987, the Department issued a notice to Freeze which charged that the bar operated by her was used by persons "using, keeping, or selling controlled substances."[1] The notice also charged Freeze with keeping a public nuisance in reference to the foregoing between the same time periods, December 1, 1986 and December 20, 1986.[2] Freeze disputed these charges and requested and was granted a hearing on the matter. The hearing officer made, inter alia, the following findings of fact: (1) customers were routinely smoking pot on the porch of the building which was part of the premises; (2) Freeze tended bar seventy-five percent of the time; and (3) Freeze entered the bar through the porch.
However, the Department rejected many of the hearing officer's findings[3] and conclusions of law[4] because it found a lack of competent, substantial evidence. It also made additional findings of fact which would have supported its conclusion that Freeze and Lee, her part-time bartender, had actual knowledge that cannabis was being smoked and sold on the premises, and that Lee actually sold undercover agents contraband in the parking lot. Contrary to the hearing officer's findings, and in the face of conflicting testimony in the record, the Department found that Lee was Freeze's part-time bartender/bouncer; that Freeze actually saw customers smoking pot on the porch; and that she observed the undercover agents smoking pot with her customers in the bar.
The hearing officer recommended that Freeze not be found guilty and that the charges be dismissed. The Department's final order found Freeze guilty of the violations charged and revoked the liquor license. The final order also provided that revocation would be lifted upon receipt of a civil fine of $2,000 and service of a sixty-day suspension, in addition to payment of certain investigative costs.
The Department had no authority to reject the findings of fact of the hearing officer which were supported by competent, substantial evidence. Heifetz v. Department of Business Regulation, Division of Alcoholic Beverages and Tobacco, 475 So.2d 1277 (Fla. 1st DCA 1985). Factual issues susceptible of ordinary methods of proof that are not infused with policy considerations are the prerogative of the hearing officer as finder of fact. Heifetz; McDonald v. Department of Banking and Finance, 346 So.2d 569 (Fla. 1st DCA 1977). The Department thus erred in rejecting the hearing officer's findings of fact and in substituting its own where there was conflicting evidence, or sufficient evidence to support the hearing officer's findings. An agency may not reject the hearing officer's findings unless there is no competent, substantial evidence from which the finding could reasonably be inferred. Ferris v. Austin, 487 So.2d 1163 *1206 (Fla. 5th DCA), appeal dismissed, 492 So.2d 1330 (Fla. 1986).
However, the hearing officer's findings with respect to the smoking of pot on the porch, are sufficient, standing alone, to affirm the agency's final order. The findings by the hearing officer regarding the routine smoking of pot on the porch and Freeze's frequent proximity thereto, are legally sufficient to support a conclusion that Freeze had constructive knowledge of these activities.[5] She was bound for her own protection to inquire into the situation. See Farish v. Smoot, 58 So.2d 534 (Fla. 1952); Industrial Supply Corp. v. Bricker, 306 So.2d 133 (Fla. 2d DCA 1975). One who has the means of obtaining knowledge under circumstances reasonably suggesting the need for inquiry, and who does not use the knowledge and means to obtain such information has "implied actual knowledge" of the information. Symons v. State, Department of Banking and Finance, 490 So.2d 1322 (Fla. 1st DCA 1986).
We therefore affirm the final order with respect to the Department's conclusion that Freeze should have known her licensed premise was resorted to by persons using, keeping or selling controlled substances contrary to sections 823.01, 823.10, and 561.29(1)(c), Florida Statutes, and that she was negligent in not taking steps to stop and halt such activities on her premises. However, we strike the additional findings of fact made by the Department because they are contrary to the hearing officer's findings or require a fact-finder to believe in the credibility of the witness who testified. Because we are reversing these latter findings, and necessarily the conclusions of law based on them, we must remand the cause to the Department for reconsideration. Hodge v. Department of Professional Regulation of State of Florida, 432 So.2d 117 (Fla. 5th DCA 1983). Upon remand, the Department is to reconsider the revocation and other punitive measures in light of the limited findings upon which this order is being affirmed.
AFFIRMED in part; REVERSED in part and REMANDED.
DAUKSCH, J., concurs specially with opinion.
GOSHORN, J., dissents with opinion.
DAUKSCH, Judge, concurring specially.
I concur with the conclusion reached by Judge Sharp because it is essentially in agreement with the conclusion reached by the appellee. I cannot agree with the statement that "... the Department is to reconsider ..." the penalty. Perhaps the appellee may want to change the penalty, perhaps not; that is not for this court to say.
GOSHORN, Judge, dissenting.
I respectfully dissent. The evidence presented to the hearing officer relating to specific drug transactions concerned seven separate incidents which allegedly took place on six separate dates. The witnesses who testified about the first five transactions did not recall either Patricia Freeze or co-owner Frederick Koch being on the premises during the transactions. As to the last two transactions, the hearing officer specifically found no credible evidence presented that the transactions were observed or overheard either by Freeze or any other patron in the bar.
In addition, the hearing officer made the following pertinent findings:
1. No evidence was presented that any employee of respondent was ever in a position to either see, overhear or participate in the drug transactions. The drug negotiations inside the bar were therefore secret and not out in the open and were not capable of being discovered with the exercise of any diligence on respondent's part.
2. Petitioner presented no evidence from which a reasonable person could conclude that respondent had any direct *1207 knowledge of the drug dealings going on in her bar.
In regard to the charge that Freeze failed to exercise due diligence in policing patrons of the bar who were found to have routinely smoked pot on the porch of the premises, the hearing officer found:
1. The evidence did not show that the respondent would recognize the smell of marijuana.
2. Ms. Freeze testified that on the few occasions that she had overheard someone discussing marijuana in her bar, she told them to take it elsewhere and did not permit such conduct in her bar. Additionally she had asked the local Wildwood police to do routine walkthroughs of the premises in order to keep illegal activity, predominately fighting, under control. The Wildwood Police Department complied with this request and performed the walkthrough twice a week.
3. From the evidence presented, petitioner did not show that respondent failed to exercise due diligence in policing her establishment.
4. Further, the evidence did not clearly and convincingly establish that the patrons' drug use was so open and flagrant as to place a reasonable person on notice of a drug problem.
5. Prior to the undercover (police) activity, Petitioner (The Department) had not received any formal complaints about the bar being a haven for drug activity. Consequently, the drug bust was the first time Ms. Freeze was apprised there was a problem with drugs at her establishment.
These findings contradict the Department's finding "that Patricia Freeze was aware of marijuana smoking on her licensed premises during all times pertinent."
Clearly, the Department rejected the hearing officer's findings and substituted its own findings based upon its re-evaluation of the evidence. Just as clearly, the Department had no authority to reject the hearing officer's findings of fact because the findings are supported by competent, substantial evidence. See Heifetz v. Department of Business Regulation, Division of Alcoholic Beverages and Tobacco, 475 So.2d 1277 (Fla. 1st DCA 1985). Factual issues susceptible of ordinary methods of proof that are not infused with policy considerations are the prerogative of the hearing officer as the finder of fact. Heifetz, supra; McDonald v. Department of Banking and Finance, 346 So.2d 569 (Fla. 1st DCA 1977). The agency may not reject the hearing officer's findings unless there is no competent, substantial evidence from which the finding could reasonably be inferred. Ferris v. Austin, 487 So.2d 1163 (Fla. 5th DCA), appeal dismissed, 492 So.2d 1330 (Fla. 1986). See also National Industries, Inc. v. Commission on Human Relations, 527 So.2d 894 (Fla. 5th DCA 1988); Kinney v. Department of State, Division of Licensing, 501 So.2d 129 (Fla. 5th DCA 1987). In my view the Department thus erred in rejecting the hearing officer's findings of fact and substituting its own.
I would reverse the order of the Department with instructions to reinstate the beverage license.
NOTES
[1] § 893.13(2)(a)(5), Fla. Stat. (1985).
[2] §§ 823.01, 823.10, 561.29(1)(c), Fla. Stat. (1985).
[3] Findings of fact rejected, either in whole or in part were: 6 (Fn 1, only), 10, 11, 12, 13, 14, 15, 16, 17, 18 and 19.
[4] Conclusions of law rejected, either in whole or in part, were: 9, 10 and 11.
[5] Where evidence shows a persistent or recurring activity, the fact-finder may infer that the licensee has knowledge. Golden Dolphin No. 2, Inc. v. State, Division of Alcoholic Beverages & Tobacco, 403 So.2d 1372 (Fla. 5th DCA 1981); G. & B. of Jacksonville, Inc. v. State, Department of Business Regulation, Division of Beverage, 371 So.2d 139 (Fla. 1st DCA 1979).