569 So.2d 883 (1990)
Frank A. DILEO, Appellant,
v.
SCHOOL BOARD OF DADE COUNTY, Appellee.
No. 90-433.
District Court of Appeal of Florida, Third District.
November 13, 1990.
Joseph C. Segor, Miami, for appellant.
Frank A. Howard, Jr., Miami, and Patricia D. Bass, South Miami, for appellee.
Before HUBBART, FERGUSON and COPE, JJ.
*884 FERGUSON, Judge.
Frank A. Dileo, a teacher on continuing contract with the School Board of Dade County, was terminated from employment on grounds of misconduct in office and gross insubordination. He appeals the School Board's Final Order which adopted a hearing officer's findings of fact and recommendation of dismissal.
Dileo's primary contentions are (1) there is no competent and substantial evidence to support either the misconduct or insubordination charge, (2) the quantum of proof necessary to support a teacher's dismissal is clear and convincing evidence and not the preponderance of evidence standard that was applied by the hearing officer, and (3) if either of the charges is not supported by competent and substantial evidence, the case must be remanded for reconsideration of the penalty.
We disagree that the required quantum of proof in a teacher dismissal case is clear and convincing evidence, and hold that the record contains competent and substantial evidence to support both charges by a preponderance of the evidence standard. For these reasons, it is unnecessary to address the remaining question.
It is settled in Florida jurisprudence that the standard of proof required in teacher license revocation cases is clear and convincing evidence. Ferris v. Turlington, 510 So.2d 292 (Fla. 1987). Although not as clearly settled in Florida,[1] there is considerable authority elsewhere,[2] as well as implicit state case law authority, that the lesser standard of preponderance of the evidence is applied in teacher dismissal cases. In Ferris v. Austin, 487 So.2d 1163 (Fla. 5th DCA 1986), the court held that there was competent and substantial evidence to support the findings contained in the hearing officer's recommended order, stating:
Nowhere did the hearing officer conclude that the standard of evidence for dismissal of a teacher was anything other than that of preponderance of the evidence. It is apparent from reading the recommended order that the hearing officer concluded that the evidence, pursuant to any standard, supported Ferris and not the School Board.
Id. at 1167 (original emphasis). It may be inferred from the above language that the hearing officer's findings would have been upheld by the appellate court by a preponderance of the evidence standard.
Affirmed.
NOTES
[1] The Supreme Court of Florida held, in response to the question presented, that the clear and convincing standard should be applied in license revocation cases, but expressly did not reach the question of the appropriate standard of proof for termination of a teacher's employment. Ferris v. Turlington, 510 So.2d at 294, n. 2.
[2] Other jurisdictions have specifically applied the preponderance of evidence standard in teacher dismissal cases. See Board of Educ. v. Box, 191 Ill. App.3d 31, 138 Ill.Dec. 460, 547 N.E.2d 627 (1989) ("In tenured teacher dismissal proceedings, school board must prove by preponderance of the evidence that there is a cause for dismissal."); Short v. Kiamichi Area Vocational-Technical School Dist. No. 7, 761 P.2d 472 (Okla. 1988), cert. denied, 489 U.S. 1066, 109 S.Ct. 1341, 103 L.Ed.2d 811 (1989) and 489 U.S. 1066, 109 S.Ct. 1342, 103 L.Ed.2d 811 (1989) ("The standard of proof shall be by the preponderance of the evidence ... to establish that the teacher's dismissal or nonreemployment is warranted."); Aldridge v. Huntington Local School Dist. Bd. of Educ., 38 Ohio St.3d 154, 527 N.E.2d 291 (1988) ("In teacher contract termination disputes, referee's findings of facts must be accepted by school board unless such findings are against the greater weight or preponderance of evidence.").