571 So.2d 568 (1990)
James ALLEN, Appellant,
v.
The SCHOOL Board of Dade County, Appellee.
No. 89-1666.
District Court of Appeal of Florida, Third District.
December 26, 1990.
Jonas & Jonas and Valerie Jonas, Miami Beach, for appellant.
Haygood & Williams and Gerald A. Williams, West Palm Beach, for appellee.
Before SCHWARTZ, C.J., and JORGENSON and GODERICH, JJ.
PER CURIAM.
James Allen appeals the School Board's final order which rejected the hearing officer's recommended penalty and dismissed him from employment. We affirm.
Allen was employed by the School Board as a Planetarium Technician at Hialeah-Miami Lakes Senior High School. In 1987, several students filed complaints against Allen alleging that he had made inappropriate physical contact with them. Following a police investigation and an internal school investigation, Allen was charged with issuing hall passes without authority to students which allowed them to leave class and with kissing one of the students. However, all criminal charges against Allen were dropped. The Office of Professional Standards held a conference for the record. The conference report and the findings of the school's internal investigation were forwarded to the Superintendent of Schools for review. The Superintendent recommended that the School Board suspend Allen and initiate dismissal proceedings against him for misconduct in office and conduct unbecoming a School Board employee.
The School Board acted in accordance with the Superintendent's recommendation and suspended Allen from employment effective April 13, 1988. Allen requested a hearing to contest his suspension and dismissal. After the hearing, the hearing officer *569 found that the School Board had proven by a preponderance of the evidence that Allen did engage in inappropriate conduct with the students. Based upon this finding, the hearing officer recommended that Allen be suspended without pay for a period of three years, and that he be required to undergo counselling prior to returning to work in a position that did not put him in contact with students on a daily basis.
The School Board filed exceptions to the hearing officer's recommended order. The School Board subsequently proposed that Allen be terminated rather than suspended, but it never filed amended exceptions. The School Board's final order adopted and approved the hearing officer's findings of fact and conclusions of law, but rejected the hearing officer's recommended penalty. Instead, the School Board dismissed Allen effective June 7, 1989, and Allen appealed.
Allen agrees that the standard of proof in an administrative hearing is generally a preponderance of the evidence. However, Allen contends that in those circumstances, such as his, where an adverse decision will result in the imposition of severe penalties or substantial hardship, administrative proceedings should be held to a higher standard of proof. We disagree and find that the hearing officer and the School Board correctly determined that the appropriate standard of proof in dismissal proceedings was a preponderance of the evidence. See Dileo v. School Bd. of Dade County, 569 So.2d 883 (Fla. 3d DCA 1990). The instant case does not involve the loss of a license[1] and, therefore, Allen's losses are adequately protected by the preponderance of the evidence standard.
Allen also contends that the School Board did not comply with the requirements of Section 120.57(1)(b)(10), Florida Statutes (1987)[2] when it increased the hearing officer's recommended penalty without stating with particularity the reasons for its departure. We disagree.
We find that the School Board acted within its power in increasing the recommended penalty. The School Board is allowed to increase the penalty recommended by the hearing officer provided that it reviews the complete record and states with particularity its reasons for increasing the penalty. § 120.57(1)(b)(10), Fla. Stat. (1987). This is exactly what the School Board has done in the instant case. The Superintendent filed a motion to amend the exceptions to the hearing officer's recommended order and gave three specific reasons why the penalty should be increased. The School Board's final order adopts the Superintendent's motion to amend. In doing so, the School Board took into consideration its inability to comply with the hearing officer's recommendation that Allen not come into daily contact with students. Therefore, we find that the School Board followed the requirements set forth by Section 120.57(1)(b)(10). In addition, in our view the School Board's actions are in compliance with this court's ruling in Bernal v. Department of Professional Regulation, 517 So.2d 113 (Fla. 3d DCA 1987) (court determined that administrative agency's order increasing penalty beyond that recommended by hearing officer cannot be based solely upon agency's disagreement with hearing officer as being too lenient), approved, 531 So.2d 967 (Fla. 1988). For these reasons, we affirm Allen's dismissal where the grounds asserted for increasing the recommended penalty are legally sufficient.
Affirmed.
NOTES
[1] Allen refers to his having obtained a teaching certificate and that his discharge for sexual misconduct is the equivalent to the loss of his license to teach. The School Board hired Allen as a technician, not as a teacher. His subsequent licensing had no bearing on the hearings and, in fact, was not even presented to the hearing officer or the School Board.
[2] Section 120.57(1)(b)(10) states in pertinent part: "The agency may accept the recommended penalty in a recommended order, but may not reduce or increase it without a review of the complete record and without stating with particularity its reasons therefor in the order, by citing to the record in justifying the action."