577 So.2d 638 (1991)
Alvin BRADLEY, Appellant,
v.
CRIMINAL JUSTICE STANDARDS AND TRAINING COMMISSION, Appellee.
No. 90-2366.
District Court of Appeal of Florida, First District.
March 27, 1991.
*639 Stephen A. Smith, Lake City, for appellant.
Joseph S. White, Asst. Gen. Counsel, Tallahassee, for appellee.

ON MOTION FOR CERTIFICATION
SHIVERS, Chief Judge.
We grant appellant's motion for certification and substitute the following revised opinion:
Bradley, a certified correctional officer, was charged in an administrative complaint. After a formal hearing, the hearing officer found merit in the complaint and recommended a six month suspension of Bradley's certificate. The Criminal Justice Standards and Training Commission rejected the hearing officer's recommended penalty and revoked Bradley's correctional officer certificate. We reverse.
The Commission's order adopts the hearing officer's findings of fact and conclusions of law. The order also adopts the exceptions filed by the Criminal Justice Standards and Training Commission by its Assistant General Counsel; and these exceptions are the Commission's express grounds for rejecting the hearing officer's recommended penalty. The exceptions, however, are based on factors specifically considered by the hearing officer and cannot justify an increase in the recommended penalty. Hanley v. Department of Professional Regulation, 549 So.2d 1164 (Fla. 4th DCA 1989). Having fully adopted the findings and conclusions of the hearing officer, the agency's only disagreement with the hearing officer is assessment of the seriousness of the offenses. An agency should not reject the recommended penalty without properly rejecting, amending or substituting at least one recommended finding of fact or conclusion of law. Bajrangi v. Department of Business Regulation, 561 So.2d 410 (Fla. 5th DCA 1990). Mere disagreement is not a ground to increase the penalty. The order revoking Bradley's certificate is reversed and remanded with instructions to approve the hearing officer's recommendation. See Bernal v. Department of Professional Regulation, 517 So.2d 113 (Fla. 3d DCA 1987), approved, 531 So.2d 967 (Fla. 1988).
We acknowledge our decision here conflicts with third district decisions which allow an agency to increase the recommended penalty while fully adopting the hearing officer's conclusions of law and findings of fact. E.g. Allen v. School Bd. of Dade County, 571 So.2d 568 (Fla. 3d DCA 1990). However, if an agency has no disagreement with the hearing officer's conclusions of law and findings of fact, any remaining differences of opinion must a priori reflect a mere "disagreement with the assessment of the seriousness of the offense by the hearing officer, made not as a general proposition, but as tailored to the situation of [the offender] in particular." Bernal, 517 So.2d 113, 115-16. We agree with the fifth district's decision in Bajrangi v. Department of Business Regulation, 561 So.2d 410 (Fla. 5th DCA 1990), and certify the conflict.
NIMMONS and MINER, JJ., concur.