SHIVERS, Judge.
This appeal is from an administrative order rejecting a hearing officer’s recommended penalty and revoking Appellant’s certification as a law enforcement officer. We reverse and remand to the hearing officer for reconsideration with instructions that his recommended penalty be adopted by Appellee.
Mack Short worked at the Florida State Prison as a correctional officer certified by the Criminal Justice Standards and Training Commission. In April 1987 the Department of Corrections began an investigation into possible marijuana use by a correctional officer named Carstens. A correctional officer named Farrow contacted the investigators and said Carstens was trafficking drugs. Farrow also said he smoked marijuana with Short. Carstens was arrested; and he told the investigators that he had smoked marijuana with Short and stored marijuana in a shed on Short’s property. Short denied the accusations.
Short resigned from his job at the prison in August 1987. He was told by the prison’s personnel manager that the Commission would not seek decertification against him. Eight months after Short began working as a police officer in Starke, the Florida Department of Law Enforcement determined there was probable cause to file an administrative complaint against Short based on the evidence from the investigation of Carstens. The complaint was filed on October 6, 1988.
A hearing was. conducted on May 30, 1989. The hearing officer entered a recommended order on November 9, 1989. The hearing officer’s findings of fact noted that Farrow “continues to work as a guard at Florida State Prison. There was no indication that petitioner intends to take any action affecting Mr. Farrow’s certification as a law enforcement officer.” The hearing officer concluded as a matter of law that according to section 943.1395(6), Florida Statutes (Supp.1988), “petitioner is authorized (but not required) to take action ranging from a reprimand to suspension.” The hearing officer .made the following recommendation: “Particularly in light of the treatment petitioner has accorded Mr. Farrow, whose moral character the evidence called at least as clearly into question as respondent’s, it is [recommended that] petitioner reprimand the respondent.”
The Assistant General Counsel for the Commission filed exceptions to the recommended order. The exceptions were (1) the conclusion of law that the penalty range was from reprimand to suspension is incorrect because sections 943.1395(5). requires revocation, and F.A.C. Rule 11B-27.-005(3)(d) authorizes “a penalty ranging from suspension to revocation;” and (2) the recommended penalty is insufficient because the position of a correctional officer is one of great public trust, and it is irrelevant whether Farrow was disciplined.
On October 3, 1990, the Commission entered a final order revoking Short’s certification. The order adopted and incorporated the hearing officer’s findings and conclusions except where they were contradicted by the Assistant General Counsel’s exceptions, which were also adopted and incorporated.
A notice of appeal was filed in this court on October 17, 1990. The Commission subsequently granted a request for reconsideration. A hearing on the request for reconsideration was conducted on January 24, 1991. The Commission heard testimony that the day before the hearing a probable cause determination was conducted in regard to Farrow’s 1987 use of marijuana; and an administrative complaint against Farrow was forthcoming. The Commission’s Assistant General Counsel orally amended its exceptions to add that the probable cause hearing against Farrow is a ground to reject the hearing officer’s rationale. On April 16, 1991, the Commission upheld the October 1990 order.
Short argues on appeal that the Commission cannot reject the recommended penalty without properly rejecting, amending or substituting at least one recommended finding of fact or conclusion of law; and a mere disagreement as to the seriousness of the offense is not a sufficient reason for increasing the penalty. Bradley v. Criminal Justice Standards and Training *366 Comm’n, 577 So.2d 638 (Fla. 1st DCA 1991) (citing Bernal v. Department of Professional Regulation, 517 So.2d 113 (Fla. 3d DCA 1987), approved, 531 So.2d 967 (Fla.1988)).
The Commission answers that it did not abuse its discretion by interpreting subsections 943.1395(5) and (6) to authorize revocation of an officer’s certification for a violation of section 943.13(7), especially since F.A.C. Rules llB-27.005(3)(d) and (5) authorize revocation as a penalty in this case. By rejecting the hearing officer’s conclusion that suspension was the most severe penalty available, the Commission argues it complied with the requirements of Bradley. The Commission also argues that the administrative complaint filed against Farrow renders the hearing officer’s reasoning ineffectual.
Short replies that the investigation of Farrow could not have influenced the Commission’s decision to enhance the recommended penalty. Short also argues that because the hearing officer chose the least severe penalty, it is irrelevant that the most severe penalty may be revocation instead of suspension.
We agree with Short. Section 120.-57(l)(b)(10), Florida Statutes (1987), states in part
The agency in its final order may reject or modify the conclusions of law and interpretation of administrative rules in the recommended order, but may not reject or modify the findings of fact unless the agency first determines from a review of the complete record, and states with particularity in the order, that the findings of fact were not based upon competent substantial evidence or that the proceedings on which the findings were based did not comply with essential requirements of law. The agency may accept the recommended penalty in a recommended order, but may not reduce or increase it without a review of the complete record and without stating with particularity its reasons therefor in the order, by citing to the record in justifying the action.
As a preliminary matter, we note that the investigation of Farrow is not a part of the record to which the Commission could cite in satisfaction of section 120.-57(l)(b)(10). An agency cannot create or use new facts never before the hearing officer to support a rejection of the recommended penalty. Cf., Ong v. Department of Professional Regulation, 565 So.2d 1384 (Fla. 5th DCA 1990); Friends of Children v. Department of Health and Rehabilitative Services, 504 So.2d 1345 (Fla. 1st DCA 1987).
The Commission misreads Bradley to hold that once any finding of fact or conclusion of law is rejected, amended or substituted, the Commission is empowered to modify the hearing officer’s recommended penalty at will. The correct and logical rule is that the rejected, amended or substituted finding or conclusion must provide a rational basis for increasing or reducing the recommended penalty — a basis other than mere disagreement with the seriousness of the offense. See Bernal v. Department of Professional Regulation, 517 So.2d 113 (Fla. 3d DCA 1987), approved, 531 So.2d 967 (Fla.1988).
In this case the Commission rejected the hearing officer’s conclusion of law that the penalty range for Short’s offense was reprimand through suspension. The Commission correctly argues that revocation is a permissible penalty. However, the fact that revocation was available to the hearing officer is not a rational basis to increase the penalty from the most lenient to the most severe. In fact, the severity of the Commission’s increase highlights Short’s position and our ruling that the basis for the increase was a mere disagreement with the seriousness of the offense.
We do not know and will not presume whether the hearing officer would have recommended a reprimand if he had known the penalties included revocation. Other permissible penalties include retraining or probation. Section 943.1395(6), Florida Statutes (Supp.1988).
Accordingly, we reverse the revocation of Short’s certification as a law enforce *367 ment officer. We remand this case to the hearing officer for the sole purpose of allowing him to reconsider the recommended penalty in light of our ruling that the penalty range includes revocation. The recommended penalty shall then be adopted by the Commission without modification.
REVERSED and REMANDED.
ERVIN and WIGGINTON, JJ., concur.