DAVIS, Judge.
Appellant, Balakrishna Nair, M.D., appeals from an order of the Board of Medicine (“the Board”) determining that appellant had on two occasions violated section 458.331(1)©, Florida Statutes. Because the administrative action against appellant with regard to patient 2 involved revocation or suspension of his license, thereby requiring the Department to demonstrate misconduct by clear and convincing evidence, we conclude that the Board erred in finding appellant guilty of a violation of section 458.331(1)©, Florida Statutes, by a preponderance of the evidence and imposing a $5,000 administrative fine for that violation. We further hold that the final order erroneously restricts appellant’s practice by “forever” requiring an employee to be present when appellant examines, diagnoses, treats or otherwise meets with a female patient because the Board made no such determination at the Board meeting. We have considered and find no merit to the other issues raised by appellant and affirm as to those issues.
On July 25, 1991, the Department filed an administrative complaint against appellant alleging, among other things, that appellant exercised influence within a physician-patient relationship for purposes of engaging patient 1 and patient 2 in sexual activity. The ad *206 ministrative complaint alleged that appellant’s conduct violated section 458.331(l)(j), Florida Statutes (1989).[1] The Department requested the Board to enter an order imposing one or more of the following penalties: revocation or suspension of appellant’s license, restriction of appellant’s practice, imposition of an administrative fine, issuance of a reprimand, placement of appellant on probation and/or any other relief the Board deemed appropriate.
A formal hearing was held on November 22, 1993. On January 10, 1994, the hearing officer entered a recommended order concluding that the Department had proven by clear and convincing evidence that appellant exercised influence within a physician-patient relationship for the purpose of engaging patient 1 in sexual activity. The hearing officer concluded that the Department had only proven by a preponderance of the evidence that appellant exercised influence within a physician-patient relationship for the purpose of engaging patient 2 in sexual activity. The hearing officer recommended that the Board enter a final order finding appellant guilty of two separate violations of section 458.331(l)(j) and imposing an administrative fine of $10,000 ($5,000 per offense). As to the violation concerning patient 1, the hearing officer also recommended suspending appellant’s license for two years with the provision that the two-year suspension be reduced to the longer of six months or the point (but not more than two years) at which appellant successfully completes such educational and ethical course work and psychological and psychiatric counseling and treatment as the Board requires and obtains a certificate from a suitable professional that he is safe to return to the practice of medicine. The hearing officer recommended that, following the expiration of the suspension, appellant’s license be restricted for such term as the Board requires, so that appellant must always have an employee present when he examines, diagnoses, treats or otherwise meets with a female patient.
On February 5, 1994, the Board met to consider the hearing officer’s recommended order. On April 5,1994, the Board entered a final order approving and adopting the hearing officer’s recommended findings of fact and finding that appellant had on two occasions violated section 458.331(l)(j), Florida Statutes, as charged in the administrative complaint. The Board ordered that appellant pay an administrative fine of $10,000 ($5,000 per offense). The Board further ordered that appellant’s license to practice medicine be suspended for two years from the effective date of the final order. The Board ordered, however, that the suspension be rendered to the longer of six months or to the point (but not more than two years) at which appellant successfully completes such educational and ethical course work and appropriate psychological and psychiatric counseling and treatment as the Board requires and obtains a certificate from a suitable professional that he is safe to return to the practice of medicine. The Board ordered that the Physician Recovery Network determine what education, counseling and treatment was necessary.[2] The Board designated the director of the Physician Recovery Network as the suitable professional to make that determination. The Board further ordered that, following the expiration of the suspension, appellant’s license be restricted forever so that appellant must always have an employee present when he examines, diagnoses, treats or otherwise meets with a female patient.
Appellant contends that the , Board erred in finding appellant guilty of a violation of section 458.331(l)(j) by only a preponderance of the evidence. The revocation or *207 suspension of a professional license is of sufficient gravity and magnitude to warrant a standard of proof greater than a mere preponderance of the evidence. Ferris v. Turlington, 510 So.2d 292, 294 (Fla.1987); Robertson v. Dep’t of Professional Regulation, Bd. of Medicine, 574 So.2d 153, 154, n. 2 (Fla. 1st DCA 1990). The correct standard for revocation or suspension of a professional license is that the evidence must be clear and convincing. Id.
Appellee responds that, under section 458.331(3), Florida Statutes, violations proven by a preponderance of the evidence should not be barred as being the basis for a lesser penalty. Section 458.331(3), Florida Statutes (1989), provides:
In any administrative action against a physician which does not involve revocation or suspension of license, the division shall have the burden, by the greater weight of the evidence, to establish the existence of grounds for disciplinary action. The division shall establish grounds for revocation or suspension of license by clear and convincing evidence, (emphasis added)
We hold that the Board erred in concluding that appellant was guilty of a violation of section 458.331(l)(j) by a preponderance of the evidence with regard to patient 2. In the present case, the Department sought, among other penalties, revocation or suspension of appellant’s license. Because the administrative action against appellant did “involve revocation or suspension of license,” under the plain language of section 458.331(3), the Department was required to prove its case by clear and convincing evidence. Because the Department proved a violation of section 458.331(l)(j) with regard to patient 2 by a mere preponderance of the evidence, the Board erred in finding a violation of that statute and in imposing a $5,000 administrative fine.
Appellant contends that the Board erred in restricting appellant’s license “forever” so that appellant must always have an employee present when he examines, diagnoses, treats or otherwise meets with a female patient because, at the board meeting, the Board accepted the recommended order of the hearing officer that, upon completion of appellant’s suspension, the Board would determine the length of time for the restriction. Because the Board did not decide to include in its final order that this restriction would continue forever, the Board erred in entering a final order which imposed the restriction forever.
Accordingly, we reverse the Board’s determination that appellant was guilty of a violation of section 458.331(l)(j) as to patient 2 and reverse the imposition of a $5,000 administrative fine for that violation. Because the Board never addressed the length of time for the restriction on appellant’s license when appellant meets with female patients, we reverse that part of the final order which restricts appellant’s practice forever, and we remand this case to the Board. We affirm the Board’s order in all other respects.
ALLEN, J., and SMITH, Senior Judge, concur.

. Section 458.331(1)(j), Florida Statutes (1989) provides that disciplinary action may be taken against a physician for "[c]xcrcising influence within a patient-physician relationship for purposes of engaging a patient in sexual activity. ..."

. The Department has the authority to designate approved impaired practitioner treatment programs pursuant to section 458.3315, Florida Statutes (1989), and section 455.261, Florida Statutes (1993). Impaired practitioner programs initiate intervention, recommend evaluation and refer impaired practitioners to Department approved treatment providers or treatment programs and monitor the progress of impaired practitioners under the direction of consultants. Fla.Admin.Code R. 61 — 10.006( 1 )(a).