RYDER, Acting Chief Judge.
Mark Russell asks us to overturn a final order of the Department of Insurance that suspended his insurance agent’s license for violations of the Florida Insurance Code. After an administrative hearing, the hearing officer concluded that the Department should dismiss its complaint against Russell. The Department accepted the hearing officer’s findings of fact, but rejected the result, deciding instead that Russell’s actions constituted conversion and a failure to return funds belonging to an insurer, in violation of sections 626.561, 626.611 and 626.621, Florida Statutes (1993). The findings of fact do not support this legal conclusion. Accordingly, we reverse.
This case centers around money that Russell received from Principal Mutual Life Insurance Company in excess of the commissions Principal owed him. Russell characterized the money as advances, loans to be repaid from future commissions earned. Although their contract stated that Principal “will not advance commissions on future premium deposits,” the hearing officer found that Russell received, with the express and repeated approval of Principal’s officers, advances of money when he had no positive balance in his commission account and that these advances were repaid from commissions he was to earn in the future. By April 21, 1992, Russell had received from Principal, and repaid, advances in excess of $330,000.00.
In May 1992, a new commissions technician, Jan Henderson, was assigned to Russell’s account. Russell began requesting advances from her. The hearing officer found that:
Henderson had no knowledge that [Russell] had in the past received advances on future commissions without a positive balance in commissions at the time he received the advance. Likewise, Henderson was not aware that these advances had been approved by a person or persons in the Principal organization with authority to approve such advances. It is clear that Henderson misunderstood [Russell’s] request of her to advance him money, and as a result she devised a method of adding money to [his] commission statement and forcing the computer to pay [him] unearned money.
Henderson was, in fact, diverting Principal’s funds to Russell. Principal learned of these diversions in May 1993 and confronted Henderson, who admitted she improperly sent money to Russell. It then terminated Russell’s contracts and filed a complaint with the U.S. Attorney’s office, alleging Russell had committed theft and other fraudulent acts. Russell has, however, never been charged with any illegal activity related to Henderson’s diversion of funds. Principal also filed a civil suit against Russell seeking return of the unauthorized payments, and Russell filed suit against Principal alleging breach of contract, defamation, interference with prospective business advantage and intentional infliction of emotional distress.
In connection with this dispute, the Department filed an administrative complaint against Russell, charging violations of the *278 Florida Insurance Code. It is the final order on the Department’s complaint that is before us for review. The Department concedes that neither the findings of the hearing officer, nor the record, would sustain a conclusion that Russell knew Henderson was illegally diverting funds to him at the time he received them. It contends, however, that Russell’s refusal to return the funds constituted a violation of sections 626.561(1), 626.611(10) and 626.621(4) and warranted suspension of his insurance license. Section 626.561(1)[1] provides criminal penalties for an agent’s refusal to return funds belonging to an insurer; section 626.611(10)[2] lists grounds for compulsory suspension of an agent’s license for unlawful withholding of moneys belonging to insurers. Section 626.621(4)[3] states grounds for discretionary suspension of an agent’s license if he refuses, on demand, to pay over any money coming into his hands that belongs to the insurer.
The Department must prove the allegations of its administrative complaint by clear and convincing evidence. Ferris v. Turlington, 510 So.2d 292 (Fla.1987). In order for the Department to establish that an agent violated the above-mentioned statutes, it must show that the funds the agent unlawfully withheld or refused to pay over were funds belonging to the insurer. We note that under sections 626.561(1) and 626.611(10), the Department must establish that the agent acted willfully, but that section 626.621(4) does not carry a requirement of willfulness. Bowling v. Department of Ins., 394 So.2d 165, 170 (Fla. 1st DCA 1981). We will analyze this case under the less stringent test of section 626.621(4).
The hearing officer found that the advances Principal made to Russell before the ones at issue here were repaid from future commissions. After discovering Henderson’s misdeeds, Principal terminated Russell’s right to receive these future commissions, which Russell contended were the agreed source of repayment of the money owed. The hearing officer also found that Russell had not paid Principal because he was awaiting the outcome of the two civil actions. These findings of fact do not support the Department’s conclusion that it proved, by clear and convincing evidence, that Russell failed to pay over money belonging to Principal. Whether Russell owes Principal any money, or how much, is presently at issue in the two lawsuits, which were instituted before the Department filed its complaint against Russell. We note that if the courts determine that Russell does owe Principal some amount of money, and he then refuses to repay it, the Department is free to bring a new action against him. We reverse the Department’s final order suspending Russell’s license and remand for entry of an order dismissing the administrative complaint.
Reversed and remanded.
ALTENBERND and QUINCE, JJ., concur.

."All premiums, return premiums, or other funds belonging to insurers or others received by an agent, solicitor, or adjustor in transactions under his license shall be trust funds so received by the licensee in a fiduciary capacity.... The licensee in the applicable regular course of business shall account for and pay the same to the insurer, insured, or other person entitled thereto.” § 626.561(1), Fla.Stat. (1993).

. "Misappropriation, conversion, or unlawful withholding of moneys belonging to insurers or insureds or beneficiaries or to others and received in conduct of business under the license or appointment.” § 626.611(10), Fla.Stat. (1993).

. "Failure or refusal, upon demand, to pay over to any insurer he represents or has represented any money coming into his hands belonging to the insurer." § 626.621(4), Fla.Stat. (1993).