W. SHARP, Judge.
Coke appeals from a final order rendered by the Department of Children and Family Services, which denied her application for renewal of her family day care license. The Department agrees that in this proceeding it had the burden of proving her lack of entitlement to a renewal of her license and that the evidence needed to be clear and convincing. Dept. of Banking and Finance, Div. of Securities and Investor Protection v. Osborne Stern and Co., 670 So.2d 932, 933 (Fla.1996); Dubin v. Dept. of Business Regulation, 262 So.2d 273 (Fla. 1st DCA 1972).
Coke argues there was insufficient substantial evidence in this proceeding presented by the Department to show the injury suffered by a child in her day care center occurred while the child was in her care and under her supervision. The hearing officer so found, but the Department ruled otherwise. We do not think this is a redetermi- *727 nation of fact issues, but rather a legal determination by a reviewing body, a task this appellate court is called upon to undertake frequently.[1]
In this case, there was no competent substantial evidence to suggest the child in this case came to the day care center after being injured or that it was injured after leaving the center. It logically follows that the child was injured at the day care center. The combination of the child’s injury and the lack of explanation on the part of the care giver as to how it occurred, constitute sufficient grounds to conclude Coke did not provide adequate care and supervision for the child entrusted to her care.
AFFIRMED.
DAUKSCH and THOMPSON, JJ., concur.

. Abbott v. State, 334 So.2d 642 (Fla. 3d DCA 1976), cert. denied, 345 So.2d 420 (Fla.), cert. denied, 431 U.S. 968, 97 S.Ct. 2926, 53 L.Ed.2d 1064 (1977) (appellate court's only function is to determine sufficiency of evidence as a matter of law).