946 So.2d 604 (2006)
Jeremiah J. WALKER, P.E., Appellant,
v.
BOARD OF PROFESSIONAL ENGINEERS, Appellee.
No. 1D06-0948.
District Court of Appeal of Florida, First District.
December 29, 2006.
*605 Gregory R. Miller, United States Attorney, and Pamela A. Moine, Assistant United States Attorney, Pensacola, for Appellant.
Bruce A. Campbell, Tallahassee, for Appellee.
PER CURIAM.
Jeremiah J. Walker, P.E., appeals a final order of the Board of Professional Engineers (Board), appellee, which rejects various findings of fact made in the recommended order of the Administrative Law Judge (ALJ), rejects the ALJ's conclusion that negligence was not proven, and substitutes the Board's conclusion that negligence had been proven justifying a reprimand of Walker's license.[1] Because competent substantial evidence supports the findings of the ALJ, we reverse.
As this court explained in Heifetz v. Department of Business Regulation, 475 So.2d 1277, 1281 (Fla. 1st DCA 1985) (citations omitted and emphasis added):
Factual issues susceptible of ordinary methods of proof that are not infused with policy considerations are the prerogative of the hearing officer as the finder of fact. It is the hearing officer's function to consider all the evidence presented, resolve conflicts, judge credibility of witnesses, draw permissible inferences from the evidence, and reach ultimate findings of fact based on competent, substantial evidence. If, as is often the case, the evidence presented supports two inconsistent findings, it is the hearing officer's role to decide the issue one way or the other. The agency may not reject the hearing officer's finding unless there is no competent, substantial evidence from which the finding could reasonably be inferred. The agency is not authorized to weigh the evidence presented, judge credibility of witnesses, or otherwise interpret the evidence to fit its desired ultimate conclusion.

Accord Packer v. Orange County School Bd., 881 So.2d 1204, 1207 (Fla. 5th DCA 2004); Tedder v. Florida Parole Comm'n, 842 So.2d 1022, 1025 (Fla. 1st DCA 2003). Here, competent substantial evidence supports the findings of fact made by the ALJ. Florida courts are in agreement that when competent substantial evidence in the record supports the ALJ's findings of fact, "the agency may not reject them, modify them, substitute its findings, or make new findings." Gross v. Dep't of Health, 819 So.2d 997, 1001 (Fla. 5th DCA 2002).
REVERSED and REMANDED with instructions that the ALJ's recommended order be adopted as the final order of the Board.
WEBSTER, VAN NORTWICK, and PADOVANO, JJ., concur.
NOTES
[1] In its final order, the Board approved certain exceptions to the recommended order filed by Florida Engineers Management Corporation (FEMC). See section 471.038(3)(b), Florida Statutes (2005), providing that FEMC shall provide prosecutorial services to the Board. In addition to its exceptions, FEMC also provided the Board with certain documents that were not part of the record and were not considered by the ALJ. On appeal, the Board correctly concedes that it was improper for it to have considered evidence outside of the record. See Hodge v. Dep't of Prof'l Regulation, 432 So.2d 117, 118 (Fla. 5th DCA 1983).