952 So.2d 1224 (2007)
Alan D. STOKES, Appellant,
v.
STATE of Florida, BOARD OF PROFESSIONAL ENGINEERS, Appellee.
No. 1D06-4006.
District Court of Appeal of Florida, First District.
March 30, 2007.
William H. Hollimon of Moyle Flanigan Katz Raymond White & Krasker, P.A., Tallahassee, for Appellant.
Patrick Creehan, Tallahassee, for Appellee.
PER CURIAM.
Alan D. Stokes appeals a final order of the State of Florida, Board of Professional Engineers finding that he was guilty of practicing engineering without a license and fining him $2,000. The Board improperly rejected findings of fact of the administrative law judge (ALJ), and rejected findings of fact after improperly labeling the findings as conclusions of law. Accordingly, we reverse.
The Board's attention is directed to section 120.57(1)(l), Florida Statutes (2005), contained within the Administrative Procedure Act, which defines the authority of the Board when reviewing the recommended *1225 order of the ALJ. This statute provides:
The agency may adopt the recommended order as the final order of the agency. The agency in its final order may reject or modify the conclusions of law over which it has substantive jurisdiction and interpretation of administrative rules over which it has substantive jurisdiction. When rejecting or modifying such conclusion of law or interpretation of administrative rule, the agency must state with particularity its reasons for rejecting or modifying such conclusion of law or interpretation of administrative rule and must make a finding that its substituted conclusion of law or interpretation of administrative rule is as or more reasonable than that which was rejected or modified. Rejection or modification of conclusions of law may not form the basis for rejection or modification of findings of fact. The agency may not reject or modify the findings of fact unless the agency first determines from a review of the entire record, and states with particularity in the order, that the findings of fact were not based upon competent substantial evidence or that the proceedings on which the findings were based did not comply with essential requirements of law. The agency may accept the recommended penalty in a recommended order, but may not reduce or increase it without a review of the complete record and without stating with particularity its reasons therefor in the order, by citing to the record in justifying the action.
This statute expressly precludes the Board from rejecting findings of fact that are based upon competent substantial evidence. "When competent substantial evidence in the record supports the ALJ's findings of fact, `the agency may not reject them, modify them, substitute its findings, or make new findings.'" Walker v. Board of Professional Engineers, 946 So.2d 604, 605 (Fla. 1st DCA 2006)(quoting Gross v. Department of Health, 819 So.2d 997, 1001 (Fla. 5th DCA 2002)). Moreover:
Erroneously labeling what is essentially a factual determination a "conclusion of law" whether by the hearing officer or the agency does not make it so, and the obligation of the agency to honor the hearing officer's findings of fact may not be avoided by categorizing a contrary finding as a "conclusion of law."
Kinney v. Dep't of State, Div. of Licensing, 501 So.2d 129, 132 (Fla. 5th DCA 1987).
Accordingly, the final order is REVERSED and REMANDED with instructions that the ALJ's recommended order be adopted as the final order of the Board. Stokes' motion for attorney's fees and costs pursuant to section 120.595(5), Florida Statutes (2005), is GRANTED.
WOLF, VAN NORTWICK, and LEWIS, JJ., concur.