983 So.2d 602 (2008)
Barbara HAINES, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 5D07-2062.
District Court of Appeal of Florida, Fifth District.
April 11, 2008.
*603 Barbara Haines, Palm Bay, pro se.
Richard Cato, Deputy Chief Legal Counsel, Department of Children and Families, Orlando, for Appellee.
PLEUS, J.
Barbara Haines, pro se, appeals a final order of the Department of Children and Families ["DCF"] revoking her foster care license for allegedly striking her foster child. We conclude that the administrative law judge ["ALJ"] properly applied the preponderance of evidence standard and that competent, substantial evidence supported his conclusion. He found that Haines did not strike the child. Accordingly, we reverse.
DCF sent Haines a letter informing her of its decision to revoke her foster care license. DCF explained that it had investigated an abuse report and verified findings that Haines' foster child, J.U., suffered beatings, bruises and welts while in her care. If true, this would be a violation of Florida Administrative Code Rule 65C-13.010(1)(b)5f's proscription that foster parents "must not use corporal punishment of any kind." Haines timely requested an administrative hearing pursuant to section 120.569(2), Florida Statutes.
At the administrative hearing, DCF and Haines each presented the testimony of several witnesses. After hearing all this testimony, the ALJ issued a recommended order concluding that Haines' license revocation be rescinded. The ALJ made detailed fact findings regarding the evidence presented. The ALJ concluded, in pertinent part, that the two witnesses who allegedly saw Haines beating J.U. did not testify at the hearing and their statements to police were "not persuasive." Instead, the ALJ found Haines, the only one present at the alleged incident who did testify at the hearing, offered "the most credible testimony presented." Significantly, the ALJ concluded that because foster care licenses do not create property rights like professional licenses, the preponderance of evidence standard applied, rather than the clear and convincing evidence standard that applied in professional license revocation cases. We agree.
DCF entered a final order revoking Haines' license because it disagreed with the ALJ's legal conclusion that the preponderance of evidence standard applied. Instead, DCF concluded the ALJ was bound to uphold the agency's initial revocation decision if DCF presented competent, substantial evidence supporting revocation. DCF interpreted this standard as follows: "The competent substantial evidence standard requires the Department to establish that its determination to revoke petitioner's foster care license was a reasonable decision supported by some direct evidence in the record." In addition, DCF rejected the ALJ's fact finding that the nurse practitioner's observation of linear bruising consistent with abuse did not comport with photos that showed no linear bruising. DCF instead found that the nurse practitioner's testimony provided *604 "the only competent evidence of the nature of the bruising" on the child. Accordingly, DCF concluded that it had "presented competent substantial evidence to support the stated reason for revoking [Haines'] foster care license."
On appeal, Haines argues that there was no competent, substantial evidence to support DCF's decision to revoke her license. DCF counters that the ALJ used the wrong standard of proof to decide the facts. Instead of using the preponderance of evidence standard, DCF argues that the appropriate standard was the competent, substantial evidence standard. Based on this standard, DCF argues that there was competent, substantial evidence to support its decision to revoke Haines' license.

The Appropriate Evidentiary Standard of Proof
Section 409.175, Florida Statutes (2006), discusses the licensure process for foster care licenses. Section 409.175(9) allows DCF to revoke a foster care license for enumerated reasons, including acts "materially affecting the health or safety of children" and violations of licensing statutes and rules. Section 409.175(6)(d) gives foster care licensees an opportunity to challenge the revocation decision in an administrative hearing under Chapter 120 of the Florida Statutes. Section 120.60(5) states:
No revocation, suspension, annulment, or withdrawal of any license is lawful unless, prior to the entry of a final order, the agency has served, by personal service or certified mail, an administrative complaint which affords reasonable notice to the licensee of facts or conduct which warrant the intended action and unless the licensee has been given an adequate opportunity to request a proceeding pursuant to ss. 120.569 and 120.57.
(Emphasis added). The hearing in the instant case was governed by section 120.57 because it involved disputed issues of material fact. Section 120.57(1)(j) states:
Findings of fact shall be based upon a preponderance of the evidence, except in penal or licensure disciplinary proceedings or except as otherwise provided by statute, and shall be based exclusively on the evidence of record and on matters officially recognized.
(Emphasis added). Clearly, the proceeding below was a "penal or licensure disciplinary proceeding" because Haines contested DCF's decision to revoke her license.
In professional licensure revocation proceedings, the clear and convincing evidence standard of proof applies. See Ferris v. Turlington, 510 So.2d 292 (Fla.1987). However, section 409.175(2)(d) states:
"License" means "license" as defined in s. 120.52(9). A license under this section is issued to a family foster home or other facility and is not a professional license of any individual. Receipt of a license under this section shall not create a property right in the recipient. A license under this act is a public trust and a privilege, and is not an entitlement. This privilege must guide the finder of fact or trier of law at any administrative proceeding or court action initiated by the department.
DCF argues that the legislature intended the last sentence of section 409.175(2)(d) to mean that foster care license revocation hearings should be governed by a lesser standard than the clear and convincing evidence standard established in Ferris. The ALJ concluded that the preponderance of evidence standard applied. DCF overruled the ALJ's legal conclusion, finding that the competent, substantial evidence standard applied.
*605 Section 120.57(1)(l) prescribes an agency's authority to overrule an ALJ's conclusions of law as follows:
The agency in its final order may reject or modify the conclusions of law over which it has substantive jurisdiction and interpretation of administrative rules over which it has substantive jurisdiction. When rejecting or modifying such conclusion of law or interpretation of administrative rule, the agency must state with particularity its reasons for rejecting or modifying such conclusion of law or interpretation of administrative rule and must make a finding that its substituted conclusion of law or interpretation of administrative rule is as or more reasonable than that which was rejected or modified.
(Emphasis added). DCF offered several reasons for its interpretation. First, DCF found that the evidentiary standard in administrative hearings concerning foster care license revocation should be no greater than the standard in administrative hearings concerning professional license application, which it asserts is the competent, substantial evidence standard. This assertion is incorrect because section 120.60(3) entitles professional license applicants to a section 120.57 hearing to resolve disputed issues of fact. As previously noted, section 120.57(1)(j) states that the preponderance of evidence standard applies in those hearings.
DCF relies on Department of Banking and Finance v. Osborne Stern and Co., 670 So.2d 932 (Fla.1996), in support of its argument. In Osborne, the court stated:
It is well-established that a factual finding by an administrative agency will not be disturbed on appeal if it is supported by "substantial evidence." Nelson v. State ex rel. Quigg, 156 Fla. 189, 191, 23 So.2d 136 (1945), cert. denied, 327 U.S. 790, 66 S.Ct. 809, 90 L.Ed. 1016 (1946); see also § 120.68(10), Fla. Stat. (1981). Nevertheless, parties are held to varying standards of proof at the fact-finding stage in administrative proceedings depending on the nature of the proceedings and the matter at stake. Bowling v. Department of Ins., 394 So.2d 165, 171 (Fla. 1st DCA 1981). For instance, in Ferris v. Turlington, 510 So.2d 292 (Fla.1987), we concluded that "[i]n a case where the proceedings implicate the loss of livelihood, an elevated standard is necessary to protect the rights and interests of the accused." Id. at 295. Consequently, we held that the clear and convincing evidence standard applied in proceedings involving the revocation of a professional license. Id.

Id. at 933 (emphasis added). The court then reaffirmed its prior holding that the clear and convincing standard of proof should be used in administrative hearings to determine revocation or suspension of a professional license. However, it declined to extend the clear and convincing evidence standard to professional license application proceedings. Instead, it adopted Judge Booth's explanation of the proper standard of proof in her concurring and dissenting opinion in the case below, as follows:
The general rule is that a party asserting the affirmative of an issue has the burden of presenting evidence as to that issue. Florida Department of Transportation v. J.W.C. Company, 396 So.2d 778 (Fla. 1st DCA 1981). Thus, the majority is correct in its observation that appellants had the burden of presenting evidence of their fitness for registration. The majority is also correct in its holding that the Department had the burden of presenting evidence that appellants had violated certain statutes and were thus unfit for registration. The majority's *606 conclusion, however, that the Department had the burden of presenting its proof of appellants' unfitness by clear and convincing evidence is wholly unsupported by Florida law and inconsistent with the fundamental principle that an applicant for licensure bears the burden of ultimate persuasion at each and every step of the licensure proceedings, regardless of which party bears the burden of presenting certain evidence. This holding is equally inconsistent with the principle that an agency has particularly broad discretion in determining the fitness of applicants who seek to engage in an occupation the conduct of which is a privilege rather than a right.

Osborne, 647 So.2d at 250 (Booth, J., concurring and dissenting) (citations omitted). We emphasize the correctness of Judge Booth's conclusion that, while the burden of producing evidence may shift between the parties in an application dispute proceeding, the burden of persuasion remains upon the applicant to prove her entitlement to the license. Id.FN2
FN2. Of course, upon appellate review, an administrative decision denying a license will not be sustained unless it can be demonstrated that the decision is supported by competent, substantial evidence present in the record.
Id. at 933.
DCF misconstrues the above analysis in Osborne to mean that the competent, substantial evidence standard should be used as a standard of proof in an administrative hearing to determine professional license applications. Osborne does not stand for this proposition. Instead, Osborne holds that the competent, substantial evidence standard should be used as a standard of review on appeal and that the license applicant carries the ultimate "burden of persuasion" in the underlying administrative hearing. This language implies a preponderance of evidence standard.
In J.W.C., cited in the above passage from Osborne, the First District explained that, in the context of a license application, a party's request for an administrative hearing "commenced a de novo proceeding, which, as previously indicated, is intended 'to formulate final agency action, not to review action taken earlier and preliminarily.'" J.W.C., 396 So.2d at 786-87. The same is true in the instant case. Haines' request for an administrative hearing commenced a de novo proceeding to resolve disputed fact issues upon which DCF's initial determination was based.
Second, DCF found that the competent, substantial evidence standard was consistent with the exercise of its broad discretion in determining whether to license particular persons to provide substitute care. We disagree. DCF's discretion to revoke a foster care license is circumscribed by section 409.175(9)(b), which enumerates the grounds for which a license may be revoked. In the instant case, DCF determined that Haines violated licensing rules by imposing physical discipline on J.U. This was a fact determination that Haines was entitled to challenge in a section 120.57 hearing. The ALJ's role was to resolve disputed issues of factin this case, whether Haines physically abused J.U. The parties presented conflicting evidence. The ALJ had to resolve this fact issue by employing a standard of proof. The minimum standard of proof possible for doing that was a preponderance of evidence, or "evidence which is of greater weight or more convincing than the evidence which is offered in opposition to it." Black's Law Dictionary 1182 (6th Ed. 1990).

*607 There is generally a "weight" of evidence on each side in case of contested facts. But juries cannot properly act upon the weight of evidence, if favor of the one having the onus, unless it overbear, in some degree, the weight on the other side.
Id. (emphasis in original).
Requiring an ALJ to use the competent, substantial evidence standard in a section 120.57 hearing to resolve a disputed issue of fact would mean that the ALJ would be required to make a fact finding based on some credible evidence in the record even though other evidence outweighed it. In the instant case, for example, the ALJ would be required to uphold DCF's license revocation if there was some evidence that Haines physically abused J.U. even though there was more credible evidence that she did not.
Third, DCF found that the competent, substantial evidence standard is comparable to the "reasonableness" standard for administrative review of denials for request for exemption from disqualification for employment in position of special trust, as explained in Heburn v. Department of Children and Families, 772 So.2d 561 (Fla. 1st DCA 2000). In Heburn, the appellant argued that DCF erred in rejecting an ALJ's determination that he had presented clear and convincing evidence of rehabilitation sufficient for an exemption under the applicable statute. The appellate court disagreed, finding that DCF had broad discretion to grant or deny an exemption and its decision would only be reviewed to determine if it was reasonable. The court found DCF's decision was reasonable because DCF's conclusion that the appellant did not demonstrate sufficient rehabilitation was based on undisputed facts. In the instant case, however, DCF's decision to revoke Haines' license was wholly dependent upon vigorously disputed facts. Accordingly, we find Heburn to be distinguishable.
Fourth, DCF found that the preponderance of evidence standard "is too onerous in the context of foster care licensing." While that standard may indeed be onerous to DCF, it is the minimum standard of proof for resolving disputed issues of fact. Imposing a lesser standard would effectively negate the licensee's right to a section 120.57 hearing. If the ALJ were bound to agree with an agency decision as long as the agency presented some competent, substantial evidence to support it, there would be no point in the licensee presenting conflicting evidence in an administrative hearing, or in the ALJ resolving that evidence. Thus, the preponderance of evidence standard is the least onerous standard available.
In sum, DCF's conclusion that the competent, substantial evidence standard, which is an appellate standard of review, should be used as an evidentiary standard of proof in a de novo administrative hearing to resolve disputed issues of fact was plainly unreasonable.

DCF's Rejection of the ALJ's Fact Findings
Section 120.57(1)(l) states that an agency "may not reject or modify the findings of fact unless the agency first determines from a review of the entire record, and states with particularity in the order, that the findings of fact were not based on competent substantial evidence. . . ." See also Pillsbury v. State, Dep't of Health & Rehab. Servs., 744 So.2d 1040 (Fla. 2d DCA 1999) (reversing revocation of child care facility license based on agency's failure to state that ALJ's rejected fact findings were not supported by competent, substantial evidence). It is clear from a review of the hearing transcript that the ALJ believed that the nurse practitioner's testimony regarding linear bruising conflicted *608 with what he was viewing in the photos with his own eyes. "And I look at these pictures and frankly I can't see anything that looks to me like a strap or a bungee cord and I want to know which of the bruises you've identified as being linear and potentially caused by". In the recommended order, the ALJ resolved this conflict between the nurse practitioner's testimony and the pictures by choosing to believe the pictures.
Contrary to DCF's conclusion, the photographs constituted competent, substantial evidence supporting the ALJ's finding. Cf. Bill Salter Adver., Inc. v. Dep't of Transp., 974 So.2d 548 (Fla. 1st DCA 2008) (rejecting argument that photographs cannot constitute competent, substantial evidence in administrative hearing). "In reviewing the record, neither the agency nor [the appellate] court is permitted to re-weigh the evidence presented, judge the credibility of the witnesses, or otherwise interpret the evidence to fit a desired ultimate conclusion." Id. at 551.
In addition to the photographs, the nurse practitioner's testimony also conflicted with other evidence. Her written report stated that her observations of linear bruising were "consistent with the statement of the witness who said that the child was struck with a bungee cord." However, the police interviewed both eyewitnesses to the alleged incident and neither indicated that Haines struck J.U. with a bungee cord. One of the witnesses expressly denied that Haines struck J.U. with any object other than her hands and fists. Significantly, neither eyewitness testified at the administrative hearing. Also, when J.U.'s doctor was shown the photos of J.U.'s bruising on her upper arm, she opined that the bruising "appeared to be from someone grabbing her in a firm manner." Thus, DCF erred in rejecting the ALJ's fact finding because it was based on competent, substantial evidence.
Based on its erroneous rejection of the ALJ's fact finding and its erroneous legal conclusion that the competent, substantial evidence standard, not the preponderance of evidence standard, applied at the administrative hearing, DCF found as follows:
The ALJ may have found that [the nurse practitioner's] testimony, together with the hearsay statements in the police report, did not outweigh respondent's testimony concerning the alleged incident, but [the nurse practitioner's] testimony nonetheless constitutes competent evidence supporting the Department's stated reason for revoking respondent's foster care license.
Based on the above analysis, we conclude that the ALJ properly applied the preponderance of evidence standard of proof and on appellate review, we find competent, substantial evidence to support the ALJ's conclusion that DCF did not prove an enumerated ground for revoking Haines' foster care license.
REVERSED.
MONACO and COHEN, JJ., concur.