PER CURIAM.
 

 In this appeal, Appellants, which are two' six-bed Florida limited liability corporations, challenge an amended final order issued by the enforcement agency, Agency for Health Care Administration (the Agency), revoking Appellants’ assisted living facility licenses, denying their li-censure renewal applications, and imposing administrative fines. After conducting a complaint investigation, the Agency filed an administrative complaint comprising Counts One through Four. Concluding that the Agency’s support for Counts One through Three consisted of uncorroborated hearsay, we reverse the Agency’s conclusion that these claims were proven. § 120.57(l)(c), Fla. Stat. (2009) (“Hearsay evidence may be used for the purpose of supplementing or explaining other evidence, but it shall not be sufficient in itself to support a finding unless it would be admissible over objection in civil actions.”). Count Four alleged (1) a demonstrated pattern of deficient performance by one of the Appellants, as well as (2) Appellants’ owners/administrators’ operation of a third Florida facility, Avalon III, without obtaining a valid license or qualifying for a license exemption. Because the Agency offered only uncorroborated hearsay to support its “history of deficient performance” claim, we reverse the Agency’s conclusion that it was proven.
 

 This leaves for our review only the findings of the administrative law judge (ALJ), adopted by the Agency, relating to the “unlicensed activity” claim. The Florida Legislature has defined “assisted living facility” as follows in the Assisted Living Facilities Act:
 

 “Assisted living facility” means any building or buildings, section or distinct part of a building, private home, boarding home, home for the aged, or other residential facility, whether operated for profit or not, which undertakes through its ownership or management to provide housing, meals, and one or more personal services for a period exceeding 24 hours to one or more adults who are not relatives of the owner or administrator.
 

 § 429.02(5), Fla. Stat. (2009). Because Appellants’ licenses were at stake, the Agency, as the complainant, had the burden to prove its allegations by clear and convincing evidence.
 
 Ferris v. Turlington,
 
 510 So.2d 292, 294-95 (Fla.1987). Appellants contend, first, that the ALJ relied on uncorroborated hearsay in making crucial factual findings concerning the allegation that Appellants’ owners/administrators were operating an unlicensed assisted living facility, Avalon III. Second, Appellants assert that upon realizing that the Agency had not met its burden of proof, the ALJ improperly shifted the burden to Appellants to disprove the critical findings of fact.
 

 Specifically, Appellants argue that the Agency failed to present any witness at the administrative hearing who had firsthand knowledge that the facility in question was providing personal services “for a period of 24 hours to one or more adults who are not relatives of the owner or administrator,” which are material elements of the statutory definition of assisted living facility. Our review of the testimony discloses competent substantial evidence that Avalon III provided personal services such as washing clothes and feeding, bathing, grooming, and adminis
 
 *349
 
 tering medications to its residents. The Agency’s only admissible evidence concerning when, and how long, those residents were at the facility is as follows. Gaccia Brown, a former employee at Avalon III, testified that the facility had five or six residents when she worked there for six weeks in Summer 2009. Her shifts ranged from 8:00 A.M. to 8:00 P.M. She relieved someone when her shift began and someone relieved her when her shift ended. Brown’s testimony that she never saw a resident leave the facility at the end of the day or arrive in the morning does not foreclose the possibility that these residents were at the facility for periods less than 24 hours, for the record does not indicate that Brown was present from 8:00 in the evening until 8:00 in the morning.
 

 Enid Atkinson, a visiting registered nurse, testified that she provided intermittent assessments to some residents at Avalon III between June and July 2009. In one instance, she arrived at the facility sometime between 6:30 and 7:00 A.M. and awakened her patient to take blood and prepare her for breakfast.
 

 Antoinette Williams, a licensed practical nurse, testified that she provided assistance with activities of daily living for one resident at Avalon III beginning at 8:00 A.M. on August 5, 2009, which coincided with the Agency’s “unlicensed activity” survey of the premises. This was Williams’ first visit to Avalon III and she worked approximately three hours that day on a shift that was scheduled to end at 7:00 P.M. Williams met with a nurse who indicated he had stayed overnight with his resident, and Williams received an overnight report. Williams assumed that the other residents at the facility had also spent the whole night there, for she observed unmade beds and closets with clothing and personal items. She also observed staff helping the residents get out of bed and setting up breakfast. No one testified about working a late-night or early-morning shift that covered the period from 8:00 P.M. until daybreak, and the overnight report referenced by Williams was not entered into evidence.
 

 On the element of whether the residents were relatives
 
 [1]
 
 of the owner or administrator, competent substantial evidence demonstrates that Chiqquittia Carter-Walker had an office at Avalon III and held herself out to the staff and visitors as the administrator of the facility. Her husband, Robert Lee Walker, Jr., held himself out as having an ownership interest in the facility. The Agency asked Atkinson if she had knowledge whether her patients were related to Carter-Walker or another owner or administrator. The ALJ denied an objection based on “leading and speculation.” Atkinson testified that as part of her assessments, she had to ask for “next of kin.” Carter-Walker’s name was not given for either resident. Vanessia Bul-ger, an Agency Health Facility Evaluator II, testified she had performed a survey at Avalon III on August 5, 2009, based on a complaint the facility was operating without a valid license. She received no information that the five residents of Avalon III were related to Carter-Walker or to her husband. Appellants correctly contend that this testimony does not dispose of the issue.
 

 
 *350
 
 In two paragraphs of the recommended order, the ALJ set out findings:
 

 26. According to the testimony of an employee of Avalon III, there had been residents in the Avalon III location since at least June 16, 2009, at which time the staff member began to work at the facility. She worked five days per week, providing the resident services identified herein. During that time, there was [sic] always at least three residents in the facility. The same residents were present on a day-to-day basis. There is no evidence that such residents were transported out of the facility during the evening or that they did not otherwise remain at the Avalon III location overnight.
 

 [[Image here]]
 

 31. At no time was Avalon III licensed as an ALF. There was no evidence that the Avalon III residents were related to Mrs. Carter-Walker or her husband.
 

 In their exceptions to the recommended order, Appellants correctly argued that the ALJ’s findings in these two paragraphs improperly shifted the burden of proof. Appellants noted that suggesting that they should have provided proof the residents were transported out of the facility during the night misplaced this burden. The assertion of a lack of evidence that these residents did not remain at Avalon III on a 24-hour basis likewise shifted the burden of proof No direct admissible evidence supports the ALJ’s presumption that any person was receiving personal services at Avalon III for a period exceeding 24 hours. To reach this conclusion based on admissible evidence, the ALJ had to infer that if a resident was at Avalon III at 8:00 P.M. and was awakened for breakfast, then he or she resided there for a period exceeding 24 hours.
 

 In its amended final order, the Agency found that “neither paragraph addresses the burden of proof.” The ALJ’s findings demonstrate otherwise, suggesting that Appellants failed to adduce evidence proving that the residents did not stay at the facility overnight and were related to the owner or administrator. The Agency adopted the ALJ’s findings of fact and found competent substantial evidence allegedly supporting these findings. On the issue of whether the Agency proved that Avalon III provided services exceeding 24 hours, the order cites Brown’s testimony, yet she admitted neither working at Avalon III at night nor staying at the facility overnight. As to the other hours, Brown testified only that someone covered for her in the evening and that Brown relieved someone upon arrival in the morning. Brown’s testimony that she saw the same residents at the facility from day to day during her daytime work hours, and never saw them arriving or leaving during her shift, does not by itself support a reasonable inference that one or more residents stayed there for continuous periods exceeding 24 hours.
 
 Cf. DeGroot v. Sheffield,
 
 95 So.2d 912, 916 (Fla.1957) (describing “substantial evidence” as “such evidence as will establish a substantial basis of fact from which the fact at issue can be reasonably inferred”);
 
 Walker v. Bd. of Prof'l Eng’rs,
 
 946 So.2d 604 (Fla. 1st DCA 2006);
 
 Strickland v. Fla. A & M Univ.,
 
 799 So.2d 276, 278-79 (Fla. 1st DCA 2001) (stating that if the hearing officer’s factual findings and reasonable inferences drawn therefrom are supported by competent substantial evidence, it is a gross abuse of agency discretion to disregard such findings).
 

 The Agency’s order also cites Agency surveyor Bulger’s testimony, in which she concluded, based expressly on “observations and interviews,” that Avalon III provided personal services on a 24-hour basis to five residents, none of whom were related to the owner or operator. Bulger’s personal observations of people in wheel
 
 *351
 
 chairs or in a bed with full rails did not support her conclusions on this key element. She performed a survey on the “unlicensed activity” complaint on the morning of August 5, 2009, and acknowledged remaining at the facility for no more than four or so hours. To the considerable extent that Bulger relied on hospice notes, the facility’s hearsay reports, and statements by persons who did not testify at the hearing, Appellants’ counsel preserved the hearsay objection, and the Agency failed to lay a foundation for any hearsay exception concerning whatever out-of-court statements Bulger relied on to reach her conclusions on this issue. See § 90.802, Fla. Stat. (2009) (“Except as provided by statute, hearsay evidence is inadmissible.”).
 

 On the issue of whether the Agency proved that Avalon III provided services to “one or more adults who are not relatives of the owner or administrator,” the amended final order cited two pages of testimony given by Mary Bowen, a Health Services and Facility Consultant at the Agency. Those pages refer to who is subject to a criminal background check, and to the Agency’s decision not to renew the renewal license applications of Avalon I and II. This testimony does not address the “relatives” issue.
 

 As the finder of fact in an administrative proceeding, an ALJ is permitted to draw reasonable inferences from the competent substantial evidence in the record.
 
 Prysi v. Dep’t of Health,
 
 823 So.2d 823, 825 (Fla. 1st DCA 2002);
 
 Heifetz v. Dep’t of Bus. Regulation,
 
 475 So.2d 1277, 1283 (Fla. 1st DCA 1985). Even if we assume for the sake of argument that the ALJ had an adequate evidentiary basis to make the reasonable inference that one or more residents received services for a period exceeding 24 hours, the Agency failed to meet its burden to prove that one or more of the adults at the facility were not relatives of the owner or administrator. An agency cannot ignore the legislative requirements set forth in a statute.
 
 Abramson v. Fla. Psychological Ass’n,
 
 634 So.2d 610, 611-12 (Fla.1994);
 
 Justice Admin. Comm’n v. Peterson,
 
 989 So.2d 663, 665 (Fla. 2d DCA 2008) (noting it is a departure from essential requirements of law to ignore the plain, unambiguous language in a statute). Given (1) the diligence of Appellants’ counsel in preserving his hearsay objections, (2) the repeated assurances of the Agency’s trial counsel — after the ALJ questioned whether the Agency had any other admissible evidence — that any hearsay problems would be remedied by direct testimony that ultimately never surfaced, (3) the ALJ’s factual findings based in part on Appellants’ failure to come forth with evidence, where the Agency had the burden of proof, and (4) the Florida Legislature’s decision to define “assisted living facility” to require that the residents not be the owner’s or administrator’s relatives, we are unable to conclude that this omission of proof by the Agency is
 
 de minimis.
 

 Where the ALJ’s factual findings regarding a statutory requirement are not based on competent substantial evidence and reasonable inferences therefrom, the Agency erred in accepting and adopting them.
 
 See
 
 § 120.57(j), Fla. Stat. (2009) (requiring findings of fact to be based exclusively on the evidence of-record). Given the lack of admissible evidence to prove this claim or any of the other alleged violations, we are constrained to REVERSE the Agency’s order revoking Appellants’ licenses, refusing to renew their applications, and imposing administrative fines.
 

 HAWKES, MARSTILLER, and RAY, JJ., concur.
 

 [1]
 

 . “Relative" means an individual who is the father, mother, stepfather, stepmother, son, daughter, brother, sister, grandmother, grandfather, great-grandmother, great-grandfather, grandson, granddaughter, uncle, aunt, first cousin, nephew, niece, husband, wife, father-in-law, mother-in-law, son-in-law, daughter-in-law, brother-in-law, sister-in-law, stepson, stepdaughter, stepbrother, stepsister, half brother, or half sister of an owner or administrator. § 429.02(18), Fla. Stat. (2009).