BLACK, Judge.
Davis Family Day Care Home appeals an administrative order of the Department of Children and Family Services. The order grants the renewal application of a family day care license on a probationary basis and denies the initial application for a large family child care home license. Davis Family Day Care Home (Daycare) contends the Department of Children and Family Services (DCF) erroneously rejected the Administrative Law Judge’s conclusion of law that DCF was required to prove the allegations set forth in its administrative complaint by clear and convincing evidence. We agree and reverse.
I. Background
The Daycare was initially licensed as a family day care home by DCF in 2007. See generally §§ 402.302(8), .308(1), .313, Fla. Stat. (2007). It has been continuously licensed since that time. In 2011, the Daycare applied for a license to operate as a large family child care home. See §§ 402.302(11), .308(1), .3131, Fla. Stat. (2010). One of the requirements for such license is that a family day care must have “operated as a licensed family day care home for 2 years.” §§ 402.302(9), .3131(1). On March 23, 2011, DCF notified the Daycare of its proposed denial of the Daycare’s annual application to renew its family day care home license. See generally §§ 402.308(1), .310(3), .313. On April 11, 2011, DCF notified the Daycare of its proposed denial of the Daycare’s initial application for a large family child care home license. See generally §§ 402.308(1), .310(3).
DCF proposed to deny the large family child care home license based on alleged violations of the Florida Administrative Code and under the authority of section 402.310, “Disciplinary actions; hearings upon denial, suspension, or revocation of license or registration; administrative fines.” The proposed denial advised the Daycare that “[t]his letter is considered an administrative complaint of [sic] the purposes of section 120.60(5), F.S.” Section 120.60(5) addresses the revocation, suspension, annulment, or withdrawal of any license. § 120.60(5), Fla. Stat. (2010).
The statutes cited in the proposed denial establish that DCF considered its denial of the Daycare’s application a sanction or disciplinary action. DCF’s actions comport with the requirements of the applicable statutes and with the Florida Administrative Code. See Fla. Admin. Code R. 28-106.2015. As it was entitled to do, the Daycare filed a petition for administrative hearing, challenging DCF’s proposed denials. See § 402.10(2); see also § 120.57(1). Following a full administrative hearing, the Administrative Law Judge (ALJ) issued an order recommending that DCF enter a final order renewing the family day care home license on a probationary basis. DCF’s final order approved and adopted this recommendation. The ALJ’s order also recommended that DCF enter a final order provisionally granting the initial application for the large family child care home license. DCF rejected this recommendation and denied the application. Only the denial of the large family child care home initial license is at issue on appeal.
II. Standard of Review
Florida’s Administrative Procedure Act (APA) provides the standard of review appellate courts must use when reviewing an agency determination. This court is *467 required to “remand a case to the agency for further proceedings consistent with the court’s decision or set aside agency action, as appropriate,” when the court finds that “[t]he agency has erroneously interpreted a provision of law and a correct interpretation compels a particular aetion[.]” § 120.68(7), Fla. Stat. (2011); see Gross v. Dep’t of Health, 819 So.2d 997, 1002 (Fla. 5th DCA 2002). We may also set aside or remand an agency’s decision when “[t]he agency’s action depends on any finding of fact that is not supported by competent, substantial evidence in the record of a hearing conducted pursuant to ss. 120.569 and 120.57[J” § 120.68(7)(b). “It follows that an appellate court reviews the agency’s conclusions of law de novo.” M.H. v. Dep’t of Children & Family Servs., 977 So.2d 755, 759 (Fla. 2d DCA 2008) (citing Wise v. Dep’t of Mgmt. Servs., 930 So.2d 867, 871 (Fla. 2d DCA 2006)).
III. Burden of Proof
In its first issue on appeal, the Daycare claims it was error for DCF to reject the ALJ’s recommendation that the Daycare be granted a provisional large family child care license. In the recommended order, the ALJ found that “[t]he standard of proof with respect to a contested denial of the family day care renewal application and [to] the denial of the large family day care application is by clear and convincing evidence,” relying on Coke v. Department of Children & Family Services, 704 So.2d 726, 726 (Fla. 5th DCA 1998). The ALJ went on to find that where, as here, DCF proposed to deny a license based on specific statutory or rule violations, DCF bears the burden of proof. The statutory and rule violations forming the basis of DCF’s proposed denial of the Daycare’s large family child care home initial license related to a violation of the child-to-caregiver ratio as well as an alleged incident of corporal punishment.
DCF’s final order rejected the ALJ’s statement as to the burden of proof, rejected the ALJ’s recommendation to grant a provisional large family child care license, and denied the Daycare’s application. In so doing, DCF stated that its burden of proof at the administrative hearing was not clear and convincing evidence but competent, substantial evidence and that it had met its burden. DCF relied upon Department of Banking & Finance v. Osborne Stern & Co., 670 So.2d 932 (Fla.1996), and Comprehensive Medical Access, Inc. v. Office of Insurance Regulation, 983 So.2d 45 (Fla. 1st DCA 2008), for the proposition that DCF need only produce competent, substantial evidence to support the denial of an initial application for a large family child care home. The final order states:
The ALJ, therefore, concluded the Department failed to persuade her that [the Daycare] was responsible for the injury, not that the Department failed to present competent substantial evidence. The Department also presented competent substantial evidence on the allegation petitioner lied to Department staff about the number of children in the home on December 2.... Although the Department did not persuade the fact-finder of this allegation, competent substantial evidence was presented.
DCF accepted and adopted the ALJ’s remaining relevant findings.
A. Competent, Substantial Evidence
In this case, DCF has misused a standard of review as a burden of proof. DCF has again “failed to perceive the difference between the burden of proof on a party and the legal requirement that findings of fact shall be sustained if supported by competent, substantial evidence.” Pic N’ Save Cent. Fla., Inc. v. Dep’t of Bus. Reg., 601 So.2d 245, 249 (Fla. 1st DCA *468 1992). DCF’s “use of the ‘competent substantial evidence’ standard as a burden of proof reflects a fundamental misapprehension of the entirely distinct functions of evidentiary standards of proof and appellate standards of review.” M.H., 977 So.2d at 762; see Haines v. Dep’t of Children & Families, 983 So.2d 602, 607 (Fla. 5th DCA 2008) (“DCF’s conclusion that the competent, substantial evidence standard, which is an appellate standard of review, should be used as an evidentiary standard of proof in a de novo administrative hearing to resolve disputed issues of fact was plainly unreasonable.”). We reiterate that the Florida Supreme Court’s decision in Osborne does not “stand for the proposition that the so-called ‘competent substantial evidence’ standard is applicable as an evidentiary standard in a hearing conducted in accordance with section 120.57.” M.H., 977 So.2d at 760. DCF’s rejection of the ALJ’s conclusion of law based on DCF’s erroneous interpretation of the law mandates reversal.[1] Id.; Pic N’ Save, 601 So.2d at 250. To the extent Comprehensive Medical Access holds that competent, substantial evidence is a burden of proof to be applied in administrative proceedings under chapter 120, we certify conflict.
B. The Appropriate Burden of Proof
Because licensure as a large family day care home requires prior licensure as a family day care, the posture of this case is unusual. The large family day care license is, in effect, a “step up” from the family day care home license. And here, the denial of the initial large family day care license is a disciplinary action for violations allegedly committed under the family day care home license. The statute relied upon by DCF in its proposed denial, section 402.310, provides that DCF “may administer any of the following disciplinary sanctions for a violation of any provision of ss. 402.301-402.319, or the rules adopted thereunder: ... (3) Deny, suspend, or revoke a license or registration.” § 402.310(l)(a)(3). It also states that “[w]hen the department has reasonable cause to believe that grounds exist for the denial ... it shall determine the matter in accordance with procedures prescribed in chapter 120.” § 402.310(2). The statute is clear that (1) it is disciplinary in nature, and (2) the procedures of chapter 120 apply. See also Op. Att’y Gen. 03-15 (2003). And because the Daycare was challenging the proposed denial of its application based upon factual determinations, section 120.57, governing hearings involving disputed issues of material fact, was applicable to the Daycare’s hearing.
“[Pjarties are held to varying standards of proof at the fact-finding stage in administrative proceedings depending on the nature of the proceedings and the matter at stake.” Osborne, 670 So.2d at 933. And this court “look[s] to the nature of the proceedings and their consequences to determine the degree of proof required to justify” DCF’s actions. Id. at 935. “Generally speaking, the standard of proof applicable in administrative hearings is a preponderance of the evidence.” M.H., 977 So.2d at 762. However, section 120.57(l)(j) specifically states that “[fjind-ings of fact shall be based upon a preponderance of the evidence, except in penal or licensure disciplinary proceedings or except as otherwise provided by statute .... ” (Emphasis added.)
*469 The seminal case cited by both parties is Osborne. The holding of Osborne was that the preponderance of the evidence burden of proof, not the clear and convincing burden, is applicable to license application proceedings. 670 So.2d at 935. Moreover, Osborne was decided prior to the 1997 amendments to the APA, one of which amended section 120.57(1). Previously, section 120.57 provided that findings of fact “shall be based exclusively on the evidence of record and on matters officially recognized”; no burden of proof was mentioned. § 120.57(l)(b)(8), Fla. Stat. (1995). The 1997 amendments to chapter 120 added section 120.57(l)(h), now section 120.57(l)(j), stating that “[fjindings of fact shall be based upon a preponderance of the evidence, except in penal or licensure disciplinary proceedings or except as otherwise provided by statute, and shall be based exclusively on the evidence of record and on matters officially recognized.” See ch. 97-176, § 8, Laws of Fla. This amendment effectively codified Osborne, at least in part. And although the legislature did not provide the burden of proof to be applied in penal or disciplinary proceedings in chapter 120, it has done so in other statutes where disciplinary proceedings are governed by chapter 120. See, e.g., §§ 456.50(2); 459.015(3), Fla. Stat. (2010).
Unfortunately, the legislature did not provide a burden of proof in section 402.310. And DCF’s rules do not purport to provide a burden of proof. We note that in Osborne the supreme court reaffirmed its decision in Ferris v. Turlington, 510 So.2d 292 (Fla.1987), a case involving the revocation of a license. In Ferris, the supreme court adopted this court’s holding in Reid v. Florida Real Estate Commission, 188 So.2d 846, 851 (Fla. 2d DCA 1966), that sanctions should be proven by clear and convincing evidence. 510 So.2d at 295. Both Ferris and Reid address professional licenses and proceedings which implicate the loss of livelihood. And it is clear that where an agency intends to deny the renewal of a professional license, it must prove its case by clear and convincing evidence. Georges v. Dep’t of Health, 75 So.3d 759, 761 (Fla. 2d DCA 2011). We do not agree with the Daycare’s argument that this is a case involving a professional license. Cf. Ferris, 510 So.2d 292; Russell v. Dep’t of Ins., 668 So.2d 276 (Fla. 2d DCA 1996); Avalon’s Assisted Living, LLC v. Agency for Health Care Admin., 80 So.3d 347 (Fla. 1st DCA 2011). Nor is this a case involving the loss of livelihood given that the Daycare continues to hold its family day care home license. However, we do agree the ALJ appropriately applied a more onerous standard than the preponderance of the evidence in this disciplinary proceeding.
We reiterate that the proceedings here were determined by DCF in its proposed denial, a self-proclaimed administrative complaint, to be disciplinary in nature. And DCF must prove its case based upon the allegations set forth in that document. See M.H., 977 So.2d at 757. As a result, the ALJ was constrained to apply a standard other than the preponderance of the evidence. This court too must apply the clear language of section 120.57(l)(j).
We are cognizant that the Fifth District has reached a different conclusion in Haines. See 983 So.2d 602. There, although stating that “[c]learly, the proceeding below was a ‘penal or licensure disciplinary proceeding’ ” under section 120.57(l)(j), 983 So.2d at 604, the court held “the ALJ properly applied the preponderance of evidence standard of proof,” id. at 608. We certify conflict with Haines on this point.
IV. DCF’s Interpretation of Section 402.309
The Daycare also argues that DCF’s interpretation of section 402.309, “Provi *470 sional license or registration,” in its rejection of the ALJ’s recommendation to grant a provisional large family day care license is incorrect. We agree.
Section 402.309 clearly contemplates that initial licenses for large family home child care homes may be provisional. § 402.309(1) (“[T]he department ... may issue a provisional license for ... large family child care homes.”). It also authorizes DCF to “adopt rules specifying the conditions and procedures under which a provisional license or registration may be issued, suspended, or revoked.” § 402.309(5). In that regard, we note that while DCF referenced Florida Administrative Code rule 65C-22.001(2)(d) as a basis to support its conclusion that a provisional license is not a de facto probationary license, that conclusion is irrelevant to the ALJ’s recommendation and to whether a provisional license may be granted under the statute. The language of the statute is plain. And the ALJ’s findings of fact are supported by competent, substantial evidence.
V. Conclusion
Based on the foregoing, we reverse DCF’s order to the extent that it denies the Daycare’s large family child care home license. We remand with instructions that DCF enter a final order adopting that portion of the ALJ’s recommended order granting a provisional large family day care home license to the Daycare. We certify conflict with Comprehensive Medical Access, 983 So.2d 45, and with Haines, 983 So.2d 602.
Reversed and remanded.
KELLY and LaROSE, JJ., Concur.

. In addition, even if DCF had been correct in its determination that the ALJ applied the incorrect burden of proof, it cannot reweigh the evidence put forth in the ALJ's finding of fact under its own burden of proof rather than remanding the case to the ALJ for reconsideration of the facts under the correct burden.