POLSTON, J.
This case is before the Court for review of the Second District Court of Appeal’s decision in Davis Family Day Care Home v. Department of Children and Family Services, 117 So.3d 464 (Fla. 2d DCA 2013). In Davis, the Second District certified that its decision is in direct conflict with the First District Court of Appeal’s decision in Comprehensive Medical Access, Inc. v. Office of Insurance Regulation, 983 So.2d 45 (Fla. 1st DCA 2008), regarding the evidentiary standard of proof that applies in an initial license application proceeding under Florida’s Administrative Procedure Act.[1] For the reasons below, we quash the Second District’s decision in Davis holding that the clear and convincing evidence standard applies and hold that the preponderance of the evidence standard applies.
BACKGROUND
Since 2007, the day care has been licensed as a family day care home under section 402.313, Florida Statutes. In 2011, in addition to seeking the renewal of this license, the day care submitted an initial application for a large family child care home license under section 402.3131, Florida Statutes. If granted, the new license would have allowed the day care to provide care for more children than permitted by its existing license.
In three separate notices of proposed agency action, the Department of Children and Families (DCF) notified the day care of its intent to deny the renewal of its family day care home license based on several alleged statutory and rule violations, of its intent to impose an administrative fine for one of the alleged violations, and of its intent to deny the day care’s initial application for the large family child care home license based on the day care’s alleged failure to comply with the statutes and rules governing its existing license.
As authorized by section 120.57(1), Florida Statutes, the day care petitioned for a formal administrative hearing before an administrative law judge (ALJ) because it disputed the factual bases for DCF’s proposed actions. Following the hearing, the ALJ recommended that DCF enter a final order (1) imposing the fine because the day care had admitted to the underlying violation, (2) renewing the family day care home license on a probationary basis, and (3) granting a provisional large family child care home license. The ALJ’s recommended order includes the conclusion of law that DCF was required to prove the factual bases for all three of its proposed actions by clear and convincing evidence.
In its final order, DCF approved and adopted the ALJ’s recommendations to impose the administrative fine and to place the day care’s family day care home license on probationary status. However, DCF rejected the ALJ’s recommendation to provisionally grant the large family child care home license with *856 out prejudice for the day care to reapply following the successful completion of the probationary period imposed on its family day care home license. In so doing, DCF rejected the ALJ’s conclusion of law that the clear and convincing evidence standard applied to the denial of the day care’s initial license application. Instead, DCF concluded that it needed only to produce competent substantial evidence of its stated reasons for denying the application and that it had done so.
On appeal, the day care challenged only DCF’s denial of its application for a large family child care- home license, arguing among other things that DCF erred in rejecting the ALJ’s conclusion of law that the clear and convincing evidence standard applied since the denial was disciplinary in nature, and that DCF improperly substituted an appellate standard of review for an evidentiary burden of proof by concluding that it was only required to introduce competent substantial evidence of its stated reasons for the proposed denial. The Second District agreed with the day care and reversed and remanded for DCF to enter a final order adopting the ALJ’s recommendation to grant the provisional large family child care home license, but certified conflict with the First District’s decision in Comprehensive Medical Access regarding the proper evidentiary standard of proof.[2] See Davis, 117 So.3d at 470.
ANALYSIS
In this case, we decide the evidentiary standard of proof that applies in a formal administrative hearing in which the applicant challenges DCF’s notice of intent to deny an initial application for a large family child care home license.[3] Our decision in Osborne Stem dictates that the proper standard of proof is preponderance of the evidence.
In Osborne Stern, 670 So.2d at 933, we answered a certified question of great public importance concerning the evidentiary standard of proof that applies to an agency’s decisions to impose an administrative fine and to deny a license application based upon the applicant’s alleged violation of laws governing the profession to which the applicant sought entry. Specifically, after reaffirming that an agency must prove its reasons for revoking a professional license by clear and convincing evidence because such a proceeding is penal in nature and implicates significant property rights, we extended this reasoning and the clear and convincing evidence standard to the agency’s imposition of an administrative fine. Id. at 935.
However, we expressly “decline[d] to extend the clear and convincing evidence standard to license application proceedings.” Id. at 934 (emphasis added). In so holding, we explained that the denial of the application based upon violations of a statute governing the profession “is not a sanction for the applicant’s violation of the statute, but rather the application of a regulatory measure,” and that applying the clear and convincing evidence standard would be “inconsistent with the discretionary authority granted by the Florida legislature to administrative agencies responsible for regulating professions under the State’s police power.” Id.; see also Astral *857 Liquors, Inc. v. Dep’t of Bus. Regulation, 463 So.2d 1130, 1132 (Fla.1985) (“[Discretionary authority is particularly necessary where an agency regulates occupations which are practiced by privilege rather than by right and which are potentially injurious to the public welfare.”) (internal quotation omitted). Accordingly, though we recognized in Osborne Stem that the applicant has the ultimate burden of persuasion to prove entitlement to the license, we explained that where the agency proposes to deny the license because the applicant is unfit, it has the burden to prove the applicant’s unfitness. See Osborne Stern, 670 So.2d at 934 (“[T]he Department had the burden of presenting evidence that appellants had violated certain statutes and were thus unfit for registration.”).
In this case, the Second District correctly recognized that “[t]he holding of Osborne [Stem] was that the preponderance of the evidence burden of proof, not the clear and convincing burden, is applicable to license application proceedings.” Davis, 117 So.3d at 469. However, the Second District concluded that DCF’s proposed denial of the day care’s application implicated the clear and convincing evidence standard of proof because it was “disciplinary in nature.” Id. The Second District so held because DCF included what it has acknowledged were “inartful” references to its statutory disciplinary authority in the notice of intent to deny the application. See id. (concluding that “the ALJ appropriately applied a more onerous standard than the preponderance of the evidence” standard since DCF “self-proclaimed” the proceeding as disciplinary, which under the plain language of section 120.57(l)(j), Florida Statutes, implicates “a standard other than the preponderance of the evidence”).
Though this Court’s decision in Osborne Stem does not address a situation in which the agency erroneously references its disciplinary authority in the context of noticing its intent to deny an initial license application, this factual distinction is one without a difference. In Osborne Stem, this Court clarified that it is the nature of the agency’s action and the underlying rights implicated by the action that govern the applicable evidentiary standard — and it did so in a case that, like this one, involved both a disciplinary action and the denial of an initial application for a license in which the applicant holds no property interest. See Osborne Stern, 670 So.2d at 934-35. Accordingly, the Second District erred in holding that the clear and convincing evidence standard applies in this proceeding.[4]
CONCLUSION
Because the preponderance of the evidence standard of proof applies in this initial license application proceeding, we quash the Second District’s decision in Davis holding that the clear and convincing evidence standard applies.
It is so ordered.
LABARGA, C.J., and PARIENTE, QUINCE, and PERRY, JJ., concur.
*858 LEWIS, J., concurs in result.
CANADY, J., dissents with an opinion.

. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. Though the Second District also certified conflict with the Fifth District Court of Appeal's decision in Haines v. Department of Children and Families, 983 So.2d 602 (Fla. 5th DCA 2008), Haines is distinguishable because it addresses the revocation of a foster care license, rather than the denial of an initial application for a professional license.

. During the course of the litigation, the day care completed its probationary period under the family day care home license and reapplied for and was granted a large family child care home license. Nevertheless, we write to address the proper evidentiary standard of proof because this controversy is one that is "capable of repetition, yet evading review.” N.W. v. State, 767 So.2d 446, 447 n. 2 (Fla.2000).

. We review this legal question de novo. See Dep’t of Banking & Fin., Div. of Sec. & Investor Prot. v. Osborne Stern & Co., 670 So.2d 932, 933-34 (Fla.1996).

. We agree, however, with the Second District’s conclusion that the competent substantial evidence standard is a standard of review rather than an evidentiary standard of proof. See Davis, 117 So.3d at 467 ("DCF has misused a standard of review as a burden of proof.”). But, unlike the Second District, we do not read the First District’s decision in the certified conflict case Comprehensive Medical Access as holding to the contrary. Instead, without specifically addressing the preponderance of the evidence standard of proof, the First District reversed the denial of an application because the agency failed to introduce proof of the alleged basis for the denial. See Comprehensive Medical Access, 983 So.2d at 46-47 (reversing because the agency’s basis for denying the application was not supported by competent substantial evidence and the applicant was otherwise qualified).